COLVILLE v. JUDY, *Appellant.*

1. **Private Roads**: APPEALS FROM COUNTY COURT: PRACTICE. The appellate jurisdiction of the circuit court extends to orders of the county court for the opening of private roads; and appeals from such orders are to be prosecuted in the same manner as appeals from justices of the peace. Where, therefore, no notice of appeal is given in such a case and the appellee does not enter his appearance within the first two days of the return term, the court has no power at a later day of that term to entertain a motion to dismiss the appeal.

2. ———: PLEADING. A petition for the opening of a private road must show that it is a way of necessity. If it does not the court has no jurisdiction to proceed.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

This was a proceeding begun in the county court of Cass county, for the opening of a private road. Plaintiff's petition alleged, in substance, that he and defendant were the owners of adjoining tracts of land, that no public road touched his land, and that defendant's land lay between him and a public road known as the Independence and Harrisonville road. It described a route over defendant's land to that road which it alleged to be the most convenient way of access to plaintiff's land from a point upon any public road, and least injurious to defendant's land, and prayed that a private road be opened from plaintiff's land to the public road over that route. Upon a hearing of this petition the court found the facts as therein alleged, and appointed commissioners to view the premises, mark out the road and assess the damages. In due time the commissioners made report of their proceedings, which was approved, and the road ordered opened. From this order defendant appealed more than ten days before the approaching term of the circuit court, but failed to give plaintiff notice of the appeal, and failed to file a transcript of the proceedings of the county court in the circuit court at the return term. On the 21st day of the return term plaintiff entered his appearance, filed a transcript and moved for a dismissal of the appeal. This motion was sustained, and defendant appealed to this court.

*W. J. Terrell* and *Robert Adams, Jr.,* for appellant.

*C. W. Sloan* for respondent.

## I.

SHERWOOD, C. J.—An appeal in cases of this sort is allowed by law, not by reason, however, of section 50, page 1227, 2 Wagner's Statutes, because the act of which that section forms part, relates to public roads; and because further, that act was repealed by section 43 of the act of 1877, (Sess. Acts of that year, p. 403,) which also relates only to public roads. But an appeal lies in this class of cases because the circuit court has " appellate jurisdiction from the judgments and orders of county courts      *      *      in all cases not expressly prohibited by law." 1 Wag. Stat., 430, § 2; and appeals are now allowed from the final determination of cases in a county court, which appeal " shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts." And when any cause is thus removed by appeal, the circuit court is to "proceed to hear and determine the same anew." 1 Wag. Stat., 442, § 22. This last section was enacted January 24th, 1870, at the same term of this court that the case of *Snoddy v. County of Pettis*, 45 Mo. 361, was decided, and no doubt to remedy the defect in legislation which that case disclosed. That section, however, has hitherto escaped observation, and was entirely overlooked in *McVey v. McVey*, 51 Mo. 406, decided two years after that section became a law. But even that case admits that an appeal lies from the county court to the circuit court, " unless prohibited, but that where no provision is made regulating its mode or manner, its only effect is to take the record      *      *      up      *      *      just as a *certiorari* would." As already seen, the mode or manner of taking an appeal from the county court to the circuit court has been regulated; and the same provisions of law govern as do in appeals from justices of the peace. No notice of the appeal was given respondent in this case, nor did the latter enter his appearance on or before the second day of the term, so that

it was not competent for him either to bring the cause to trial at that term, or to continue it to a subsequent term; and certainly not to have the cause dismissed for any lack of jurisdiction in the circuit court to take cognizance of the appeal, for such jurisdiction the circuit court under the statutory provisions we have quoted, clearly possessed. The dismissal of the appeal was, therefore, doubtless, erroneous.

## II.

The merits of the cause will now be considered and determined. The petition filed in the county court for the opening of the private road is bottomed on the act approved January 14th, 1868, (2 Wag. Stat., 1231,) and probably complies with the law under which it is framed; but there is another matter to be looked to in addition to the statute just cited. Section 20 of article 2 of our present constitution, declares: " That no private property can be taken for private use with or without compensation, unless by the consent of the owner, except for private ways of necessity     *     *     in such manner as may be prescribed by law." This proceeding was not begun until 1877. Consequently this constitutional provision must control. This being the case, the petition must be held fatally defective, in that it does not set forth that the road sought to be opened over Judy's land, was a " way of necessity." This is not shown, either directly or by necessary implication. But under the constitution, the wisdom of whose framers is nowhere so conspicuously displayed as in the careful manner in which they have sedulously guarded private property and the rights incident thereto against ruthless invasion, and virtual confiscation under the thin disguise of legal process, it is a *sine qua non* to opening a private road over the land of another; it is a *jurisdictional fact* which must affirmatively appear—that such road is a " *way of necessity.*" These proceedings, *in invitum*, against common law and common right, have always been strictly

construed, and this court has spoken but one language concerning them. *Ells v. Pacific R. R. Co.*, 51 Mo. 200, and cases cited; *Jefferson Co. v. Cowan*, 54 Mo. 234; *K. C., St. Jo. & C. B. R. R. Co. v. Campbell*, 62 Mo. 585. The judgment is reversed and the petition dismissed. All concur.