Thomas C. Cox, Respondent, v. Jerry H. Tipton, Appellant.

Kansas City Court of Appeals, June 15, 1885.

1. Private Roads Under Section 6973 Revised Statutes Mo., 1879—
Way of Necessity.—The proceeding under the statute (sect. 6973,
Rev. Stat. Mo., 1879), for establishing private roads, is a proceeding
*in invitum,* "against common law and common right," and must
be strictly construed. By "way of necessity" is meant, not a
way of convenience, but a way of strict necessity. Tiedeman on
Real Prop., sect. 609. And *the fact* that the way is one of necessity, is a jurisdictional fact, and must be alleged and proved affirmatively. *Colville v. Judy,* 73 Mo. 651.

2. Practice—Instructions.—Declarations of law, based on evidence
not even tending to establish them, are properly refused.

3. Public Roads.—The recognition of the county court is not necessary to make a road a public road. "Ten years' adverse occupancy and use of the road by the public would be sufficient, if
acquiesced in by the owner, to vest in the public an easement in the
road, and cause it to become a highway." *State v. Wells,* 70 Mo.
636.

Appeal from Audrain Circuit Court, Hon. Elijah
Robinson, J.

*Reversed and remanded.*

Statement of case by the court.

On November 6, 1882, plaintiff filed in the county
court of Audrain county, Missouri, the following petition, to-wit:

"*To the County Court of Audrain county, State of Missouri:*

"Thomas C. Cox states that he is an inhabitant of
Audrain county, state of Missouri. That he owns a
tract of land in said county, to-wit: The west half of
the northeast quarter of section 34, township 51, range 5,
west, upon which he resides with his family at this time,
and that no public road passes over or touches said land.
He states that there is an established public road one-

fourth of a mile due south of the southeast corner of his lands, at the northwest corner of the southeast quarter of the southeast quarter of section 34, township 51, range 5, west. That he has no passway from said lands except over the lands of others. He, therefore, prays the court for an order establishing a private road, twenty feet in width, over the lands of Jerry Tipton, from the said southeast corner of the west one-half of the northeast quarter of section 34, township 51, range 5, west, to the northwest corner of the southeast quarter of the southeast quarter of section 34, township 51, range 5, west. That said road prayed for is one of great necessity, and indispensable to petitioner, as he has no outlet to market, to church, to postoffice, or to school, and that the road prayed for is the nearest, most direct, and suitable. He, therefore, prays the court to appoint commissioners to view said road and assess the damages to said Jerry Tipton."

The county court found for defendant, and the plaintiff appealed to the circuit court.

On the trial in the circuit court, the plaintiff offered evidence tending to prove the averments of the petition. The defendant, to sustain the issues on his part, offered evidence tending to show that he was the owner of the north half of the southeast quarter of section 34, township 51, range 5, west, in Audrain county, Missouri, containing eighty acres, and that he has occupied it as his home, and he owned no other lands. That on the east and south sides of his farm there was a public road. That the road petitioned for by plaintiff would run through the center of defendant's farm dividing it into two forties. That from defendant's house and barn east to the public road, the distance was but one fourth of a mile, on a line between two forties owned by different parties.

Defendant further offered evidence showing that the lands lying northeast of plaintiff's land, and from northeast corner of plaintiff's farm to the public road, a fourth of a mile east of his land, were open public commons, and were not and never had been fenced. That from the northeast corner of plaintiff's said lands out

east to a public road, and, also, from plaintiff's lands out north to a public road, there was a road open and in use. That said road had for twenty consecutive years prior to the commencement of this suit, been open, and generally used and traveled by the public as a road. That the road is still open and traveled. That plaintiff and the prior owners of his said land had used said road generally as a road in going to and from plaintiff's farm for twenty years or more prior to the commencement of this suit.

Plaintiff, in rebuttal, further offered evidence tending to show that the road from the northeast corner of plaintiff's land to the public road, and the road from his land north to a public road, were never recognized by the county court or the road overseers as public roads, but were neighborhood roads. And, further, that the owner of the open lands northeast of plaintiff's land was threatening to fence these open lands which, if fenced, said roads running from plaintiff's lands to the public road would also be fenced across and closed, and plaintiff would then have no road from his lands out to a public road.

The only declarations of law asked were the following, asked by the defendant, which were refused:

"1. Unless it appears from the evidence that plaintiff's lands are surrounded, or inclosed, or cut off from a public highway by the lands of another, and that he has no road, private or otherwise, to pass to and from his land, and that the surrounding land owner or owners refuse to allow him a convenient and practical way to and from his land, then there can be no "way of necessity" and the verdict must be for the defendant.

"2. If from the evidence it appears that when this suit was instituted there was a road, open and in use, touching plaintiff's land, which was and had been used and traveled by the public for a period of ten years or more prior thereto, without objections on the part of the owner of the land over which said road passed, then plaintiff is not entitled to the road petitioned for, and this verdict must be for the defendant.

"3.   If the road running from the public road east of plaintiff's land to the northeast corner of plaintiff's land, thence north to a public road, at the commencement of this suit, had been generally traveled and in use as a road by the public for a period of ten years or more, then said road became and was a highway, and the verdict must be for the defendant."

Judgment was rendered in favor of plaintiff.   The case is here on appeal by defendant.

FORREST & FRY, for the appellant.

I.   Respondent's petition, inasmuch as it does not *affirmatively* pray for the road to be opened and established as a "way of necessity," in specific words, conferred no jurisdiction on the court, and the judgment should be reversed and the petition dismissed.   *Colville v. Judy*, 73 Mo. 651; Constitution of Mo., art. II, section 20.   This may be taken advantage of at any stage in the case.   *City of Hopkins v. K. C., St. Jo. & C. B. R. R. Co.*, 79 Mo. 100.

II.   Our statutes provide but for two kinds of roads: public roads and private "ways of necessity."   Public roads are established by an exercise of eminent domain, but private ways, provided for by section 6973 Revised Statutes of Mo., 1879, under article II, section 20 of our present state constitution (1875), are established *not* by an exercise of eminent domain, but is a proceeding to take private use, under a special constitutional provision. It is a proceeding *in invitum* "against common law and against common right," which has always been strictly construed.   *Colville v. Judy*, 73 Mo. 651; Mo. Const. (1875), art. II, sect. 20; *Ellis v. Pac. R. R.*, 57 Mo. 200; *Jefferson Co. v. Cowran*, 54 Mo. 234; 52 Mo. 585; 79 Mo. 100.

III.   A "way of necessity" is the right in the owner of the land to access thereto, when the land is totally inaccessible, unless the owner is permitted to use the adjoining lands as a means of approach.   It appears here that respondent has other means of approach.   Same au-

thorities; also, Tiedeman on Real Prop., sect. 609; Mills on Em. Domain, sect. 29.

IV. Respondent relies on *Snyder v. Warford* (11 Mo. 513). *It* was decided under the statutes of 1845, ch. 183, p. 1074, and art. XIII, sect. 7, of Mo. Const. of 1820. This case is under art. II, sect. 20, of constitution of 1875, and sect. 6973, p. 1373, of Revised Statutes of Missouri, 1879. The statute of 1845 clearly defines a "way of necessity," and the court in *Snyder v. Warford* says, correctly, that this statute is constitutional. If the section of the present statute (6973), Revised Statutes of Missouri, (1879), is construed for a way, *not being* a "way of necessity," it is unconstitutional, as taking *private property for private use*. *Dicky v. Tennison*, 27 Mo. 373; Mills on Em. Domain, sect. 26.

V. The road from respondent's land, shown in evidence, having been in general use by the public for twenty consecutive years, is a public road. If not by dedication, then by ten years' adverse use. *State v. Wells*, 70 Mo. 635.

VI. If respondent is entitled to a way, the county court should locate it where it will work the least damage. He cannot demand a road directly dividing appellant's farm, when another way between farms can be had. And the circuit court, in undertaking to establish the way by its judgment, was in error, and had no jurisdiction in this cause under the petition.

Duncan & Hitt, for the respondent.

I. The petition of respondent was strictly in compliance with the law. Sect. 6973, p. 1373, vol. 2 Rev. Stat. Mo., 1879.

II. The expression "way of necessity" was a question to be determined by the facts adduced in evidence before the court, and its findings and judgment should not be disturbed unless there was no evidence to sustain the same; the *weight of evidence*, as to the issues involved, being a matter to be determined by the trial court.

III. "The right of way of necessity exists in all cases in which an individual owns land surrounded by

other lands, excluding it from any public highway. *Snyder v. Warford*, 11 Mo. 513.

IV. Respondent (plaintiff) had no easement over the lands of any one to a public highway, and the statute does not interfere with the fee of appellant (defendant), in the land ; that merely points out the mode by which an easement may be obtained ; and such proceeding does not conflict with the constitutional provision forbidding private property to be taken for private use. *Snyder v. Warford*, 11 Mo. 513.

V. The case of *Colville v. Judy* (73 Mo. 651), was not similar to this case. In that case the petition did not state it was a way of necessity. This does, and gives the facts and reasons why there is such necessity.

Opinion by HALL, J.

1. The first point made by defendant is that the petition fails to allege facts sufficient to entitle plaintiff to the relief prayed for therein. The petition is sufficient. It affirmatively alleges that the "road prayed for is of great necessity." The petition is not open to the objection made and held good by the court in the case of *Colville v. Judy* (73 Mo. 651).

2. This proceeding is a proceeding *in invitum* "against common law and common right," and must be strictly construed. *Colville v. Judy, supra.* By "way of necessity" is meant, not a way of convenience, but a way of strict necessity. Tiedeman on Real Property, sect. 609. "From all the authorities referred to, it is clear that when a way is claimed of necessity, it is a good answer to show another way which the party may use." *Holmes v. Goring*, 2 Bing. 76, and vol. 16, p. 124 of Central Law Journal. The fact that the way is one of necessity, that is, strict necessity, and not mere convenience, is a jurisdictional fact, and must be alleged and proved, affirmatively. *Colville v. Judy, supra.* So long as the plaintiff had a practicable way to and from his land, either private or public, he had not a right, by necessity, to a way over the defendant's lands. A way, as here used, is a right of way—the privilege of going over an-

other's land. A way, as here meant, is a way, such as the plaintiff by the judgment of the circuit court, obtained over the defendant's land. In other words, a way, as here meant, is a legal way, to use which one has a legal right, which may be enforced, and which may not be rightfully interfered with.

3. The court properly refused the last declaration of law asked by defendant. Unless the plaintiff had a legal right of way over the surrounding lands, which he could enforce, he had no way to and from his land, and the necessity for a way existed. A refusal by the owners of the surrounding lands to permit him to pass over their lands, was not necessary to constitute the necessity. The only evidence found in the record to support that declaration of law is, that certain lands, lying between plaintiff's land and a public road, were "open public commons, and were not and never had been fenced." This evidence did not tend to establish any right of way had by plaintiff over such open lands. And besides, the plaintiff in rebuttal introduced evidence that the owner of the open lands was threatening to fence them, contradicting any possible presumption of a right of way over them by plaintiff.

4. Against the evidence offered by the defendant tending to prove the existence of a public road touching the plaintiff's farm, the plaintiff in rebuttal introduced evidence of the failure of the county court and road overseer, to recognize such road as a public road. Such recognition was not necessary to make the road a public road. "Ten years' adverse occupancy and use of a road by the public would be sufficient, if acquiesced in by the owner, to vest in the public an easement in the road and cause it to become a highway." *State v. Wells*, 70 Mo. 636.

The circuit court erred in refusing to give the second and third declarations of law asked by defendant.

The judgment of the circuit court is reversed and this proceeding is remanded. All concur.