W. H. WELCH, Appellant, v. RAY SHIPMAN.—No. 40531.—210 S. W. (2d) 1008.

Division One, May 10, 1948.

*Stemmons & Colvin* for appellant.

*Sizer & Myres, Wm. J. B. Myres* and *Edward V. Sweeney* for respondent.

[1009] BRADLEY, C.—Plaintiff (appellant) commenced this cause in the county court of Lawrence County to establish a private road over the lands of defendant and along the way of an old road. The proceedings in the county court resulted in the establishment of the road, not where plaintiff asked, but at a place apparently satisfactory to him. Defendant appealed to the circuit court. The venue was changed to Jasper County; there the parties stipulated that the court first try the issue of the *necessity* of the proposed private road, and if found that the road was a necessity, then the amount of damages to defendant would, at a future hearing, be determined by a jury. The court found that the proposed private road was not a necessity, and that "plaintiff's petition for a private road be denied." Plaintiff appealed. The appeal was properly to the supreme court because title to real estate is involved. Sec. 3, Art. V, Const.; State ex rel. Palmer et al. v. Elliff et al., 332 Mo. 229, 58 S. W. (2d) 283; Richter v. Rodgers et al., 327 Mo. 543, 37 S. W. (2d) 523.

Plaintiff owns the SE¼ of the SW¼ and the SW¼ of the SE¼, Sec. 13, T. 27, R. 26, Lawrence County, and his son owns an 80, subject to the life estate of plaintiff's sister, extending east and west and lying immediately north of plaintiff's 80. Defendant owns the E½ of the SE¼ of said section lying west of highway K, and the

NE¼ of the NE¼ of Sec. 24, lying immediately south. There are 101 acres in defendant's tract. In addition to the above plaintiff owns 11.75 acres in section 18 lying immediately east of defendant's land in section 13. Plaintiff's house and barn are on the 11.75 acres and about 200 feet east of highway K, and plaintiff resides there. The house and barn are about a quarter south of the north line of defendant's farm. The house and barn of defendant are west of plaintiff's house and are about 500 or 600 feet west of highway K. Honey Creek runs generally west across the north part of plaintiff's land, and generally southwest across the 80 owned by plaintiff's son.

The old road, mentioned supra, enters defendant's land about in front of plaintiff's house and extends generally west from highway K to the northeast corner of plaintiff's east 40. It passes between defendant's house and barn. The house is south of the old road. As we understand, all of defendant's land is fenced and in order to get to the old road from highway K, defendant's gate must be opened, and there is a gate where the old road enters plaintiff's land. The proposed private road as located by the commissioners appointed by the county court is 30 feet in width and leads off from highway K east of defendant's house and about where the old road leads off, and then the proposed private road extends in a northwest direction 493 feet, then west 421 feet to defendant's west line, and then south 517 feet to the northeast corner of plaintiff's east 40, and about the point where the old road enters plaintiff's land as we understand. The commissioners recommended that the proposed private road be fenced on both sides by defendant with 26 inch hogwire with two barbed wires above hung on metal or hedge posts set not more than 12 feet apart with suitable corner posts properly braced. The commissioners assessed defendant's damages, including the fence, at $450. Defendant said that he could not build the fence for that amount. There is a public road running east and west along the north line of defendant's tract and on west along the north line of the 80 owned by plaintiff's son. This road is a quarter north of plaintiff's 80. Also, there is a public road running east and west along the south line of defendant's tract which road is a quarter south of plaintiff's 80.

The dwelling house on defendant's tract is a three-story stucco, and the barn is stucco. A spring comes up under the house and this spring has flowed continuously as far back as memory goes. Defendant has two fish ponds stocked with fish a short distance northwest of the spring and these ponds get their water supply from the spring. The old road runs between the ponds and the spring, but the proposed private road as located by the commissioners is north of the ponds. Other ponds on defendant's land up north towards [1010] Honey Creek are feasible. Defendant's tract, with the improvements, was valued at $32,000; his most valuable land is the

bottom land along Honey Creek, and the proposed private road, as located by the commissioners, extends through this bottom land. Defendant had been offered as much as $1,000 an acre for from 6 to 10 acres suitable for fish ponds fed by the spring. If the proposed private road were established as recommended by the commissioners, the value of the farm, according to the evidence, would be reduced about one half.

The evidence was that plaintiff and his son farmed their land and handled quite a bit of stock; that plaintiff operated a dairy on a small scale—5 or 6 cows. They used defendant's gates and the old road to get to their land. This road had been so used for many years, but such use was permissive and not adverse, and it is conceded that such use had not established right of user by prescription. The evidence showed that plaintiff and his son drove cattle and hauled manure along the old road; that because thereof defendant's spring and fish ponds were polluted, and the banks of the ponds trampled and marred, especially in wet weather. There was considerable evidence about the annoyance and damage to defendant by the use of the old road. Gates were left open; spring polluted; fish pond banks trampled and marred, etc.

The evidence showed that from a point in highway K, 200 feet west of plaintiff's house, it is 1,080 feet north on highway K to the northeast corner of defendant's land; that it is then 925 feet west from that point along the public road mentioned, supra, to the northeast corner of the east 40 of plaintiff's son; from that point it is 1,320 feet south to the northeast corner of plaintiff's east 40 where the proposed private road as located by the commissioners terminates. So it appears that by what we may term the northern way it is 3,525 feet from plaintiff's door to his farm, and that 200 feet of this distance is from his door to highway K, and that 2,005 feet is along a public road. Defendant's evidence shows that, without serious damage or annoyance to any one, a private road is feasible for the 1,320 feet along the west side of defendant's land, or on the land of plaintiff's son, or partly on both.

The total length of the proposed private road is 1,431 feet, which is 111 feet more than would be the private road suggested by defendant. Going south from plaintiff's house to get to his farm he would have about the same distance on public roads as in going north, and about the same length of private road to establish. It will not be necessary to detail as to the southern way. Plaintiff contended that the northern way was not reasonably available because of the difficulty in getting across Honey Creek, but there was evidence that the making of a ford across the creek was a simple and comparatively inexpensive matter. Defendant testified that he offered to give plaintiff the right of way for the private road on either the northern or

southern way, and that he made the same offer to the commissioners. And at the trial in open court the same offer was made.

Sec. 28 of the bill of rights (Sec. 28, Art. I, Const.) provides: "That private property shall not be taken for private use with or without compensation, unless by consent of the owner, except for private ways of necessity, and except for drains and ditches across the lands of others for agricultural and sanitary purposes, in the manner prescribed by law . . . ."

Sec. 8488 R. S. 1939, Mo. R. S. A., Sec. 8488, provides: "If any inhabitant of this state shall present a petition to the county court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county, or in an adjoining county, and that no public road passes through or alongside said tract or lot of land, and asking for the establishment of a private road from his or her premises, to connect at some convenient point with some public road of the county, or with any road of the state highway system within the county, in which the proceedings are had, and shall describe the place where said road is desired, and the width desired, not exceeding forty feet, the court shall appoint three disinterested commissioners to view the premises and to mark [1011] out the road, and to assess the damages to the owner or owners of the land through which it shall pass."

In order for one to obtain a private way over the lands of another the way must be "a way of necessity", and such must be alleged and must be established by the evidence. Colville v. Judy, 73 Mo. 651; Seested v. Applegate et al. (Mo. App.), 26 S. W. (2d) 796; Cox v. Tipton, 18 Mo. App. 450; Bales et ux. v. Butts et ux., 309 Mo. 142, 274 S. W. 679, l. c. 682; Bussmeyer v. Jablonsky, 241 Mo. 681, 145 S. W. 772. Proceedings to acquire a private way over the lands of another are in invitum, against the common law and against the common rights and must be strictly construed. Colville v. Judy, supra. If some other way of ingress and egress different from the way sought is suggested, as in the present case, the suggested way must be reasonably convenient and reasonably practical. Reading v. Chandler et al., 269 Mo. 589, 192 S. W. 94. On cross-examination plaintiff was asked about the convenience of getting to his land by the northern way and among the questions and answers is the following: "Q. Now, the only inconvenience about your getting into your eighty acres here is the distance that you have to go around, isn't it? A. Yes, sir."

Is there a practical and reasonably convenient way for plaintiff to have ingress and egress as to his land other than by the old road or by the way decided upon by the commissioners and approved by the county court? Or to state the proposition otherwise, Is the way fixed by the commissioners and approved by the county court a way of necessity? The term "way of necessity" does not mean a way

of convenience, but a way of strict necessity. · Cox v. Tipton, supra. It is stated in the Cox case "that when a way is claimed of necessity, it is a good answer to show another way which the party may use." Also, in determining the question of the necessity of a private road, it is proper to consider not only the convenience and benefit it will be to the limited number who will use it, but the injury and inconvenience it will occasion the owner over whose land the private road will pass. Sec. 8491 R. S. 1939, Mo. R. S. A. Sec. 8491; Richter v. Rodgers et al., 327 Mo. 543, 37 S. W. (2d) 523, 1. ·c. 528; Carter et al. v. Bates, 142 Ark. 417, 218 S. W. 838.

We think the trial court correctly ruled that the proposed private road is not one of necessity. The ·evidence abundantly shows that there is a reasonably convenient and a reasonably practical way for plaintiff to have a private road to his land other than by the old road or by the way fixed by the commissioners, that is, one of the private ways tendered by defendant, and with much less damage and inconvenience to defendant.

The judgment should be affirmed, and it is so ordered. *Dalton* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.