**Wendell CURTMAN, Jr. and Betty J. Curtman, Plaintiffs-Appellants,**

**v.**

**Raymond PIEZUCH, Defendant-Respondent.**

No. 34933.

Missouri Court of Appeals, St. Louis District, Division Two.

April 24, 1973.

John L. Woodward, Steelville, for plaintiffs-appellants.

G. C. Beckham, Steelville, for defendant-respondent.

SIMEONE, Judge.

Plaintiffs-appellants, Wendell and Betty Curtman, brought this action to establish a private road, pursuant to Sec. 228.340, RS Mo 1969, V.A.M.S., over the land owned by defendant-respondent, Raymond Piezuch. After a hearing the trial court found the issues in favor of the defendant-respondent, Piezuch, and found that the evidence did not sustain the petition for the establishment of a private road as prayed for. Judgment was entered accordingly. The Curtmans appealed. We affirm.

In order to obtain a clearer picture of the facts a brief description of the various tracts may be helpful. The Curtmans are the owners of the north half of the southwest quarter of Section 14, Township 42 North, Range 5 west of the principal meridian. The defendant Piezuch owns land directly south of the Curtmans. Mr. L. Howard owns land north of the Curtman farm through which an "old road" passes. Property referred to as the Wacker property (owned by Elvin Carroll) is directly west of the Curtman and Piezuch lands. South of the Wacker and Piezuch properties are lands owned by F. Nicks and C. Branson. The Branson property is directly south of the Piezuch property and the Nicks

property intersects at the southwest corner of the Piezuch property. A portion of plaintiffs' exhibit showing the relative positions of the lands follows:

The plaintiffs filed their petition for the establishment of a private road alleging that they were the owners of land in Gasconade County and that no public roadway passed through or along their land; that a county road is situated nearby which is south of the plaintiffs' land and that Piezuch is the owner of the land through which they seek to establish the private road. They alleged that the road they seek to establish through Piezuch's property is a way of strict necessity and prayed the court to appoint commissioners to view the premises and mark out the road and assess the damages of the defendant. In answer Piezuch denied that no public way passes through the Curtmans' property and affirmatively pleaded that the Curtmans have an outlet from their property leading to the county road. Piezuch pleaded that the road proposed by the plaintiffs was not the most practical and feasible route upon which to construct and maintain a road from their property to the county road.

The evidence showed that the Curtmans purchased their eighty-acre tract of land situated about two and one-half miles northeast of Owensville, Missouri from Mr. Thomas M. Hibler about two years prior to the trial which was held in September, 1970. At the time of the trial the Curtmans had not lived on it since buying it. At the time of their purchase the only access was a road (known as the "old road") to the north across the land owned by Mr. Howard. This road is approximately six to eight feet in width and has five gates which are marked "private" or "keep closed." When the Curtmans purchased the property Mr. Howard, according to Mr. Curtman, told him that he wouldn't make him any promises with respect to the use of the road across Howard's land. Mr. Curtman testified that he had not been "prevented . . from using this road." To use the old road takes about thirty minutes to travel to the county road, but if the Curtmans could establish the new road as a private road their travel would be shortened by about two miles. The road proposed would start from the southwest corner of the Curtman property and go south along the western part of the Piezuch property until it encountered a clay pit; it would then require a jog of about 127 feet and go south some 374 feet and then jog back to the west line some 90 feet. The county surveyor testified that he thought it would be best to build the road on the Piezuch tract because if it were taken on the west side of the property (the Wacker tract) it would have to cross a creek, go around a clay pit which is partially located on the Wacker property and then go around a bend that is on the Nicks' property to the south. The surveyor admitted that the shortest route would be from the southwest corner of the appellants' property to the southeast corner of the Wacker property, then west 500 feet along Wacker's southern boundary to a county road.

Mr. Thomas Hibler, an elderly gentleman who sold the land to the Curtmans and was born and raised on the Curtman land, had used the "old road" over the Howard property for some sixty years and could remember the old road for some eighty years. He indicated that the gates were put up about twenty years ago. When the gates were put up Mr. Hibler talked to Mr. Howard and asked if he was being locked out. Howard replied "If I want to I will." Putting up the gates brought about some controversy; no litigation ensued and the Hiblers continued to use the old road.

Mr. Piezuch was born and raised on his land and has lived on it for at least fifty years. He and others have used the old road without permission from Howard. The signs were put up about one and one-half or two years prior to the trial. although the gates had apparently been there for years. According to Mr. Piezuch the old road was the access road for the Curtman farm for fifty years. He stated that on his land there is a large clay pit about 160 feet in diameter with 90 feet on his side. This pit is for watering livestock. The water in the clay pit is the only supply when it is dry. He contended that if the proposed road was established it would be necessary to jog around the pit and such a proposed road would cause him damage, detract from the value of his farm (about $4,000) and would be inconvenient to him. The plaintiffs had proposed that in order for Mr. Piezuch to obtain water from the pit a gravity type water system be established so that the water could be used. But Piezuch contended that the gravity flow system would require constant attention and would freeze in cold weather. He urged that a road could be established on property immediately west of his land, on land owned by Wacker. On that land the road would swerve only a few feet around the clay pit and would not deprive Wacker of any water supply because of the contour of the pit at that point.

Eight witnesses testified that the old road had been in use for forty to sixty years and had been used without obtaining the permission of or interference from the owners of the Howard farm.

The appellants contend that the court erred in rendering judgment for the defendant because they have no reasonable, practical or legally enforceable way to and from their land, and because the evidence clearly shows that there is no more reasonable and practical location for the establishment of the road.

The respondent urges the trial court did not err because the road prayed for was not a way of necessity and because there was a more reasonable and practical location for the establishment of the road.

Appellants originally filed their appeal in the Supreme Court on January 14, 1971, prior to the adoption of a constitutional amendment effective January 1, 1972. In Curtman v. Piezuch, 484 S.W.2d 181 (Mo. 1972), the Supreme Court held that it did not have jurisdiction under Mo.Const. Art. V, Sec. 3 since " . . . the title to real estate is not involved herein, though it may be affected by the outcome of the suit." Curtman, supra at 181. The cause was then transferred to this court.

■ In determining the issues on this appeal we must review this court-tried case upon the law and evidence and reach our own conclusions from a consideration of all the evidence, giving due deference to the trial court on matters of credibility. We are not to set aside the judgment rendered unless we find it to be clearly erroneous. Rule 73.01(d), V.A.M.R. Miller v. Berry, 270 S.W.2d 666 (Mo.App.1954); Evans v. Mansfield, 364 S.W.2d 548 (Mo.1963).

■ After examination of all evidence we do not find the judgment of the trial court clearly erroneous for reasons hereinafter stated. Therefore, we affirm the judgment of the trial court.

Sec. 228.340, RSMo 1969, provides:

"If any person of this state shall file a verified petition in the circuit court of the proper county, setting forth that he or she is the owner of a tract or lot of land in such county, . . . and that no public road passes through or alongside said tract or lot of land, and asking for the establishment of a private road from his or her premises, to connect at some convenient point with some public road of the county, . . . and shall describe the place where said road is desired, and the width desired, . . . and alleging that the private road sought to be established is a way of strict necessity; and if the court shall find that the allegations in said petition are true, it shall appoint three disinterested citizens . . . to view the premises and to mark out the road, and to assess the damages to the owner . . . of the land through which it will pass . . . ."

These proceedings to establish a private road over the land of another are *in invitum* and against the common rights and must be strictly construed. Welch v. Shipman, 357 Mo. 838, 210 S.W.2d 1008, 1011 (1948). The private road of necessity was not invented in our constitution and statute but existed at common law and is founded upon a presumption of a grant or reservation. Wiese v. Thien, 279 Mo. 524, 214 S.W. 853, 5 A.L.R. 1552 (1919). The principles relating to the establishment of a private way of necessity are of long standing and imbedded in the common law.

■ In order to establish a private way of necessity certain essentials must exist. The basic reason for the grant of a private way is that the party has no means of access to and from his property. A right to a private road by way of necessity " . . . exists only where the person claiming it has no other means of passing from his estate into the street or road." Vossen v. Dautel, 116 Mo. 379, 22 S.W. 734, 735 (1893). It has often been held by our courts that in order to be entitled to establish a private road the party seeking it must establish and bear the burden of proof that the establishment of such a way is one of "strict necessity" and not merely a matter of convenience. "The term 'way of necessity' does not mean a way of

convenience, but a way of strict necessity." Welch v. Shipman, *supra*, 210 S.W.2d at 1011; Vossen v. Dautel, *supra*. Mere convenience will not justify a way of necessity. Miller v. Berry, *supra*, 270 S.W.2d at 671. "One cannot have a way of necessity because it is more convenient than the way which he has." Vossen v. Dautel, *supra*, 22 S.W. at 735. If some other way of ingress and egress different from the way sought is suggested and it is reasonable and practical, it is a "good answer to show another way which the party may use."

In determining the question of whether a way of necessity should be allowed over the land of another, there must be taken into consideration not only the convenience and benefit it will be to the limited number who will use it, but the injury and inconvenience it will occasion the owner over whose land the private road will pass. Welch v. Shipman, *supra*, 210 S.W.2d at 1011.

In the posture of this case and under the facts we believe that the plaintiffs have failed to establish their right to a private road over the land of the defendant, and that the trial court properly found that the evidence does not sustain the plaintiffs' petition for the establishment of a private road. The evidence shows that the Curtmans purchased the property with knowledge of the situation. The evidence also shows that the establishment of a road over the defendant's property would be inconvenient to him, would cause him to care for and give attention to a gravity water flow system, would lessen the value of his property and that another route exists which may be even more feasible and practical.

In the state of this record there is no evidence that there has been any attempt by Mr. Howard to prevent the plaintiffs from using the old road. When asked whether he had been prevented from using this road Mr. Curtman replied "No, sir." Even if no prescriptive right exists over the old road, there is no showing at this time that the plaintiffs are denied access from their property. The establishment of a road on the defendant's property would be a more convenient outlet but convenience is not the test of establishing a private way. The test is one of strict necessity. There is no evidence which indicates that the plaintiffs are precluded or prevented from using the old road. Hence, the proposed road is not one of strict necessity.

Some decisions indicate that in order to establish a way of strict necessity the plaintiff must show that he has no legally enforceable right to use another road. Evans v. Mansfield, *supra*; Cox v. Tipton, 18 Mo. App. 450 (1885). But whether or not the Curtmans have a legally enforceable right to use the old road is not essential to the determination of this proceeding in its present posture for the reason that they had not been prevented from using the old road at the time of the trial.

We hesitate to declare a prescriptive easement over the Howard property when the owner is not a party to this litigation. We believe that as long as the plaintiffs have a reasonable, practical way to and from their land and since that way has been used for a long period of time by the plaintiffs and their predecessors in title, and the plaintiffs have not been prevented from using that reasonable way, they have failed to prove that they are entitled to a way of strict necessity over the defendant's land. Here plaintiffs have a reasonable, if not convenient, means of passing to and from their land to the county road, and there is no clear and convincing showing that they are deprived of access to the road or that they cannot continue to use it.

Taking into consideration not only the convenience and benefit to the plaintiffs, but also the inconvenience to the defendant, including maintenance of a water system, and considering the other reasonable and practical routes, we believe that under all the facts and circumstances the trial court did not err.

The evidence shows that there is a reasonable and practical way for the plaintiffs to have access to the county road which has existed for a great length of time, and there may be other reasonable routes for the plaintiffs to establish a road with much less damage and inconvenience to this defendant.

The trial court heard all the evidence, including the witnesses, and was in a position to appreciate the evidence. The trial court found that the evidence did not sustain the petition for the establishment of a private road. We find that the judgment was not clearly erroneous.

The judgment is affirmed.

SMITH, P. J., and KELLY, J., concur.