Joseph C. HILL, a/k/a Joe Hill, d/b/a Hill Auto Parts, and Virginia M. Hill, his wife, Plaintiffs-Appellants,

v.

KENNOY, INC., a corporation, a/k/a Kennoy Company, Inc., Defendant-Respondent.

No. 58846.

Supreme Court of Missouri, En Banc.

May 12, 1975.

Lewis, Rice, Tucker, Allen & Chubb, J. L. Pierson, Mark T. Keaney, St. Louis, for plaintiffs-appellants.

Albert H. Feldt, Clayton, for defendant-respondent.

SEILER, Judge.

This is an appeal from a judgment of the circuit court of St. Louis County denying the plaintiffs a private way of necessity under Sec. 228.340, RSMo 1969, V.A.M. S.

Plaintiff Hill operated an auto salvage business. In 1962 he purchased a parcel of land from persons known as the Taylors immediately north of the land owned by defendant Kennoy, Inc. The land purchased did not abut any public road. Prior to August 14, 1970, Hill had leased a portion of defendant's land by which he had access to Reavis Barracks Road from his property, but this lease expired on August 14, 1970, and was not renewed. Hill testified that when the lease terminated, he was thereby deprived of access to his property from a public road, that he could no longer conduct his business upon the property and was forced to close and take a job driving a truck.

The Hills instituted suit against Kennoy on March 7, 1970, seeking to establish a private road of necessity over the western edge of the Kennoy property pursuant to Sec. 228.340. Much of the testimony at trial centered around the question of whether or not the Hills had alternate ways of access either to Reavis Barracks Road or to another road, Avenue H, lying

to the west of the Hills' property with another parcel belonging to the Taylors in between. Thus, the issue of whether the private road prayed for is in fact a way of strict necessity is central to this case.

On March 29, 1971, judgment was rendered for the defendant Kennoy. Shortly thereafter, the president and managing officer of Kennoy, Anthony F. Grasso, Jr., filed an affidavit in which he related that Kennoy had released a certain parcel of land which it had been leasing for a number of years from the Missouri Pacific Railroad. This parcel was immediately adjacent and parallel to the Kennoy property over which plaintiffs sought their private road, and extended back to the Hills' property. It was suggested that plaintiffs would now be in a position to negotiate with the railroad for the use of this land for ingress and egress.

After plaintiffs appealed from the order of the trial court denying them relief, Kennoy filed a motion to dismiss the appeal on the grounds that the Hills were doing business on the property and that the case was moot insofar as they had access from their property to a public road. It appears that the plaintiffs did acquire a lease from the railroad and were using the leased premises as a means of ingress and egress. The terms of the lease are discussed later herein.

The appeal went first to the court of appeals, St. Louis district, which held that since plaintiffs did have present access to their property and were continuing the business thereon, the case was moot and the appeal was dismissed. Upon plaintiffs' application for transfer to this court, we accepted the case to resolve what appears to be a conflict among earlier decisions relating to the question of present access.

 The right to a private road over the land of another exists only by way of necessity, and not convenience, Cox v. Tipton, 18 Mo.App. 450 (1885); Evans v. Mansfield, 364 S.W.2d 548 (Mo.1963). One cannot have a way of necessity be-cause it is more convenient than the way one has, Vossen v. Dautel, 116 Mo. 379, 22 S.W. 734 (1893); 72 C.J.S. Private Roads § 5, pp. 923-4. It has also been said that if the party seeking a private road has no "legally enforceable right" to use an alternative route, he is entitled to a way of necessity, Cox v. Tipton, supra. It was thus stated in Evans v. Mansfield, supra, at 551:

"So long as the plaintiff had a practicable way to and from his land, either private or public, he had not a right, by necessity, to a way over the defendant's lands . . . [A] way as here meant, is a legal way, to use which one has a legal right, which may be enforced, and which may not be rightfully interfered with."

This general rule has not been questioned in this state, but a recent case relied on by defendant apparently carves out an exception. In Curtman v. Piezuch, 494 S.W.2d 668 (Mo.App.1973), the court of appeals found that plaintiff had ingress and egress from his property which he was not prevented from using at the time of the trial. The facts indicated that plaintiffs had probably acquired a prescriptive easement over this way, but without the interested parties present, the court of appeals was understandably reluctant so to hold. Instead, they stated, 494 S.W.2d at 672: "But whether or not the Curtmans [plaintiffs] have a legally enforceable right to use the old road is not essential to the determination of this proceeding in its present posture for the reason that they had not been prevented from using the old road at the time of the trial." While it is true that it is a "good answer to show another way which the party may use," Vossen v. Dautel, supra, there is no authority in Missouri cases for holding that such other way will abrogate plaintiffs' claim of necessity where it is not a legally enforceable way. The rule was positively stated by this court in Evans v. Mansfield, supra, at 551:

"Defendants contend that because there is another road extending . . .

to plaintiff's land the new road is not a way of strict necessity. That would be quite true if the old road (1) were a reasonably practical way to and from plaintiff's land and (2) if plaintiffs had a legally enforceable right to use said road."

There was no evidence in the Evans case that the plaintiff had been prevented from using the old road, either in the past or at the time of trial. In fact, plaintiff testified that he had never been stopped from using the old road. Nonetheless, this court held that plaintiff was entitled to a way of necessity because he had no legally enforceable right to the use of an alternate way. The fact that plaintiff had present, albeit inconvenient, access to his land at the time of trial was of no effect in the Evans decision, and insofar as Curtman is inconsistent therewith, it must be overruled.

■■■ We turn now to the facts of the present case. As already mentioned, defendant suggested at least two alternative routes over the property of other landowners by which plaintiffs could gain access from their property to a public road. Defendant contends further that one of these, the "CBS road" leading to Avenue H, had ripened into a prescriptive easement for plaintiffs' access by reason of many years use by plaintiffs' predecessors in title and surrounding landowners. If this were true, then plaintiffs would have a legally enforceable way and would not be entitled to a private road, Evans v. Mansfield, supra. The record, however, does not support such a prescriptive easement. First, we do not know whether in fact Avenue H is itself a public road. Both Mr. Hill and Mr. Grasso claimed to have personal knowledge of the county records, but Hill testified that Avenue H was a private road, and Grasso testified it was public.

The records themselves were not in evidence, so even if there is a prescriptive easement on the CBS road, we cannot be sure that the CBS road does in fact provide Hill access to a public road. Secondly, and more importantly, Mr. Grasso's testimony that the CBS road had been used for over thirty years by others in the area is not clearly applicable to the particular driveway leading off the CBS road and into plaintiffs' property. This driveway crosses a ditch before it reaches the fenced boundary of the Hills' property, and an easement with respect to this driveway would have to be established before it could be said that plaintiffs have a legally enforceable way to and from their land. At best it is unclear whether the user described by Mr. Grasso pertained to the CBS road itself, to the driveway, or to both. Furthermore, Mr. Hill testified that a "manager" of the CBS building came to view the road in response to a call by Mr. Hill, and refused to grant permission to Hill to use the road.

Plaintiffs thus have no legally enforceable right to this route or the other one suggested by the defendant.[1] While plaintiffs may have a choice between surrounding landowners against whom they might have proceeded for the establishment of a private road, neither Sec. 228.340 nor the case law indicates that one landowner can defeat a plaintiff's right to a way of necessity simply by pointing to another against whom plaintiff might have sought relief.

■■ We come now to the issue of the Hills' present situation. The lease with the railroad which now provides them with access to and from their property was obtained on a basis terminable at will by either party on thirty days notice. As said, the existence of present access neither moots the case nor defeats plaintiffs' claim for a way of strict necessity unless such

---

1. This other route leads from Avenue H across the Taylors' property and would extend to the Hills' parcel but for intervening railroad tracks. The establishment of a railroad crossing at this point would be within the exclusive discretion of the Public Service Commis-

sion, Sec. 389.640, RSMo 1969, V.A.M.S. An informal request by the Hills to the railroad brought a denial on the grounds that there were already too many crossings in the area, and another would be unsafe.

access is a legally enforceable right. Plaintiffs strongly urge that a terminable-at-will lease does not constitute a legally enforceable right-of-way to which they are entitled under previous holdings. While the alternate routes which provided access in both Evans and Cox were merely permissive and did not involve leases, these were held to provide no legally enforceable right to ingress or egress, thus entitling the plaintiff to a private road. We think the result must be the same here. The lease being terminable at will, it is not much better than a mere permissive use, and cannot be enforced by the Hills except as to the thirty days notice period.

We note finally that defendant has offered no evidence of hardship or injury should the private road over his property be granted, a consideration which may be taken into account, Welch v. Shipman, 357 Mo. 838, 210 S.W.2d 1008, 1011 (1948). The judgment of the trial court is reversed and the case remanded for the appointment of commissioners to mark out the road and assess damages pursuant to Sec. 228.340.

All of the Judges concur.