Dorothy FARROW, Plaintiff/Appellant,

v.

Lester BROWN and Viola Brown,
Defendants/Respondents.

No. 64604.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 19, 1994.

Joseph P. Fuchs, Sikeston, for plaintiff-appellant.

Jonah T. Yates, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals the circuit court's summary judgment in favor of defendants in plaintiff's action to establish a private road of necessity, § 228.342, RSMo. Supp.1992.[1] We reverse and remand.

Plaintiff purchased, on October 23, 1992, property in Cape Girardeau County from Donald and Faye Hirsch. The Hirsches had, on January 3, 1969, filed a three count peti-

---

1. The parties erroneously refer to the applicable section as § 228.340, (Repealed 1991 Mo. Laws 733, S.B. 138 § B). Section 228.342, the which replaced the prior statute, was subsequently amended in 1993. See 1993 Mo.Legis.Serv. 1393, S.B. 236 § A. The amended version is inapplicable in the instant case.

tion in the Cape Girardeau Court of Common Pleas seeking a prescriptive easement over property owned by defendants (Count I), or alternatively, a private road of necessity pursuant to § 228.340 over that property (Count II), and seeking to have defendants enjoined from interfering with their ingress and egress (Count III).

Count II was dismissed by the court at the Hirsches' request, Count I was tried before a jury and Count III before the court. The jury found for the Hirsches on Count I and assessed no damages. On Count III the court found that the Hirsches had established, by open, notorious, adverse and continuous use, a twelve foot wide prescriptive roadway easement over defendants' property. Defendants were enjoined from interfering with the Hirsches' use of the easement and from denying ingress or egress.

On February 22, 1993, plaintiff in this action filed an action seeking a forty foot wide private road by strict necessity over defendants' land, the actual location of which was to be determined by appointed commissioners. In her petition, plaintiff acknowledged that a prescriptive easement existed, but asserted the "description was inaccurate and unsuitable for purposes of plaintiff" and the easement had been "abandoned by non-use."

Defendants filed an answer, *inter alia*, denying plaintiff's contention that no public road passed through or alongside her land and admitting the existence of the prescriptive easement.

Defendants filed a motion for summary judgment on July 1, 1993. They alleged that "no genuine issue of material fact exists in that this matter is res judicata" by virtue of the 1969 action. In support of their motion, defendants filed a "Memorandum in Support of Motion for Summary Judgment" and the affidavit of defendant Lester Brown. Brown admitted the existence of a prescriptive easement from plaintiff's land across his property. Plaintiff filed a "Memorandum in Opposition to Defendants' Motion for Summary Judgment" and affidavits by Wesley Farrow, Jr. (plaintiff's son) and Larry Dowdy (a licensed registered surveyor). Dowdy stated that the road easement was "unusable, incorrect and totally ineffective for providing any

access" to and from plaintiff's property. The "land and terrain described in said Judgment and decree cannot be used for roadway purposes." Wesley Farrow's affidavit essentially repeated the allegations of Dowdy. On August 4, 1993, the court granted defendants' motion for summary judgment.

On appeal, plaintiff asserts the trial court erred in granting the summary judgment motion as there was a "clearly established ... material, substantiated factual dispute" as to whether there existed an actual, useable easement across defendants' land. Defendants argue the issue of a private road of necessity should have been raised in plaintiff's predecessor's 1969 action for an easement by prescription and is, therefore, res judicata. Plaintiff contends that the existing issues cannot be res judicata because it was new, changed facts which resulted in a non-usable easement.

Summary judgment is an appropriate vehicle for the assertion of an affirmative defense entitling a party to judgment as a matter of law. *Wilson v. Altruk Freight Systems, Inc.*, 820 S.W.2d 717, 720 (Mo.App.1991); Rule 74.04(c). Where the trial court grants a motion for summary judgment without specifying the basis, it is presumed the order was based on the grounds specified in the motion. *Manar v. Park Lane Medical Center*, 753 S.W.2d 310, 312 (Mo.App.1988).

When considering appeals from summary judgments, the court will review the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving parties response to the summary judgment motion. *Id.* We accord the nonmovant the benefit of all reasonable inferences from the record. *Id.*

Our review is essentially *de novo*. The criteria for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of sum-

mary judgment is purely an issue of law and we need not defer to the trial court's order granting summary judgment. *Id.*

A "defending party" movant establishes a right to summary judgment by showing: (1) facts that negate *any one* of the claimant's elements facts; (2) that the non-movant, after an adequate discovery period, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find *any one* of the claimant's elements; or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper. *Id.*

■ Res judicata principles encompass both claim preclusion, which prohibits the same parties from relitigating the same cause of action, and issue preclusion, which forbids the same parties from relitigating issues previously adjudicated. *Terre Du Lac Ass'n v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 212 (Mo.App.1987). The doctrine of res judicata provides that, where two actions are on the same cause of action, the earlier judgment is conclusive not only as to matters actually determined in the prior action, but also as to other matters which *could* properly have been raised and determined therein. *Id.* Where a second action is upon a claim, demand, or cause of action different from a prior action, the judgment in the first action does not operate as an estoppel to matters not litigated in the former action. *Id.*

■ In an action for a private road pursuant to § 228.342, a plaintiff is required to show: (a) the plaintiff owns the land, (b) no public road goes through or alongside the tract of land, and (c) the private road petitioned for is a way of "strict necessity." *King v. Jack Cooper Transport Co., Inc.*, 708 S.W.2d 194, 196 (Mo.App.1986). "Strict necessity" has been interpreted to mean the absence of a reasonably practical way to and from a plaintiff's land that the plaintiff has a legally enforceable right to use. *Evans v.*

*Mansfield,* 364 S.W.2d 548, 551 (Mo.1963); *See also Hill v. Kennoy, Inc.*, 522 S.W.2d 775, 777 (Mo. banc 1975). A number of cases have held that where a plaintiff has an enforceable easement to a public road he or she has no right to a statutory private road. *See Hartley v. Brazeal*, 224 S.W.2d 550 (Mo.App. 1949); *Richter v. Rogers*, 327 Mo. 543, 37 S.W.2d 523 (1931); *Fortenberry v. Bali*, 668 S.W.2d 216 (Mo.App.1984). However, those cases did not explicitly involve a question of an easement claimed to have become impracticable through no fault of the plaintiff. In *Evans, supra*, the court noted that an alternate route that defendant suggested was, in addition to not being legally enforceable, impractical as it "traverses such rough and rocky terrain that it cannot be kept in usable condition by the expenditure of reasonable sums for maintenance. In order to be a defense to plaintiff's right to obtain a private road through defendant's property the other available way must be reasonable and practical." [2] *Evans*, 364 S.W.2d at 551.

Here, it is undisputed that plaintiff has a legally enforceable prescriptive easement for roadway purposes, established by plaintiff's predecessor's 1969 action. However, an examination of the record submitted to the trial court in the light most favorable to plaintiff shows that plaintiff is, *at least in part, claiming that events occurring subsequent to the easement's acquisition have rendered its use impracticable.* In an answer to an interrogatory plaintiff states, "[n]ow, the easement is completely unusable because it is in a creek." Defendants allude to this claim of changed circumstances in their reply to plaintiff's memorandum in opposition, stating, "[i]t is obvious that the prescriptive easement ... ran along the creek that runs from defendants' property to plaintiff's property. To maintain the easement *along the edge of the creek after a change in the course of the creek or the bank* would be a change in degree only.... If the ... creek *has made* part of the easement *impassable*, the easement still exists...." (Emphasis added).

■ Res judicata extends "'only to the facts in issue as they existed at the time the

---

**2.** We note that strict necessity should not be confused with "mere convenience," which would

not justify a private right of way. *Evans*, 364 S.W.2d at 551.

judgment was rendered, and does not prevent a reexamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of litigants.'" *Elam v. City of St. Ann,* 784 S.W.2d 330, 334 (Mo.App.1990). In the instant case, an issue exists as to whether circumstances occurring after the judgment, through no fault of plaintiff, have made the roadway easement impassable. Thus, res judicata was not a proper basis on which the court could have granted defendants' motion for summary judgment.

Summary judgment proceeds from an analytical predicate that, where the facts are not in dispute, a prevailing party can be determined as a matter of law. *ITT Commercial Finance,* 854 S.W.2d at 376. *In their motion,* defendants did not advance grounds which allow such a determination.

The summary judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

CRIST, P.J., and AHRENS, J., concur.