**Wendell CURTMAN, Jr., and Betty J. Curtman, Appellants,**

v.

**Raymond PIEZUCH, Respondent.**

No. 56189.

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

John L. Woodward, Steelville, for appellants.

G. C. Beckham, Steelville, for respondent.

LAURENCE R. SMITH, Special Judge.

In this proceeding under the provisions of Sec. 228.340, RSMo 1969, V.A.M.S., plaintiffs seek to establish a private road as a way of strict necessity over land owned by the defendant. The trial court rendered judgment for defendant for the reason that the evidence did not sustain plaintiffs' petition for the establishment of a private road. Plaintiffs have appealed.

At the outset it must be determined whether this court has appellate jurisdiction under Art. V, Sec. 3, Const. of Mo. 1945, V.A.M.S. The only reason asserted for our jurisdiction is that the title to real estate is involved. Although by the amendment to Art. V title to real estate is no longer a basis of jurisdiction of this court, such amendment did not become effective until Jan. 1, 1972. This appeal was lodged with this court prior to that date.

We hold that the title to real estate is not involved herein, though it may be affected by the outcome of the suit. City of St. Louis v. Butler Co., Banc, 358 Mo. 1221, 219 S.W.2d 372, is controlling.

The *Butler* case was a condemnation proceeding by the City of St. Louis to condemn a strip of land for use as a public street. In holding that title to real estate is not involved in a constitutional sense the court stated (l.c. 375): "In a condemnation

suit the plaintiff does not dispute the landowner's antecedent title. On the contrary he affirms it. That is the reason the owner is made a defendant. The object of the suit is to subject the land *as* his to a public use by condemnation under our Constitution and statutes. True, a condemnation suit does take part (or sometimes all) of the landowner's title and gives it to the condemnor for just compensation. But it does not follow that the title is in issue. It was always subject to that paramount right emanating from the Government. The issue is on the *right* to *take* all or a part of a *conceded* title in the particular case and on the compensation to be paid. It is analogous to the enforcement of a lien."

In the *Butler* case the court overruled a number of earlier cases on the jurisdictional issue, including Richter v. Rodgers, 327 Mo. 543, 37 S.W.2d 523, and Welch v. Shipman, 357 Mo. 838, 210 S.W.2d 1008, both of which involved proceedings to establish a private road and in both of which it had been held that title to real estate was involved.

In the instant case it is undisputed that plaintiffs own the property for which access is sought and that defendant owns the property over which the proposed private road would be constructed. Defendant contends that there is in existence a roadway for plaintiffs' use (over the land of another not a party to the lawsuit), and that the roadway proposed is not the most practical and feasible route and would result in irreparable damage to defendant.

As in the *Butler* case, supra, the issue is the right to take part of a conceded title. Title to real estate is not directly involved in a constitutional sense.

In Evans v. Mansfield, Mo., 364 S.W.2d 548, a proceeding to establish a private road, decided subsequent to City of St. Louis v. Butler, *supra*, the court stated without further comment that it had appellate jurisdiction because title to real estate is involved. Welch v. Shipman, *supra*, was cited as authority. Since the *Welch* case

was expressly condemned by the Supreme Court en banc in the *Butler* case, neither the *Welch* case nor the *Evans* case should be followed.

This court not having jurisdiction, the case is transferred to the Missouri Court of Appeals, St. Louis District.

HENLEY, Acting P. J., and DONNELLY, J., concur.

MORGAN, P. J., not sitting.