Joseph C. HILL, a/k/a Joe Hill, d/b/a Hills Auto Parts, and Virginia M. Hill, his wife, Appellants,

v.

KENNOY, INC., a corporation, a/k/a Kennoy Company, Inc., Respondent.

No. 57495.

Supreme Court of Missouri, Division No. 2.

Oct. 8, 1973.

Lewis, Rice, Tucker, Allen & Chubb, J. L. Pierson, Clayton, for appellants.

Albert H. Feldt, Clayton, for respondent.

STOCKARD, Commissioner.

By their notice of appeal filed prior to January 1, 1972, plaintiffs have appealed from the adverse judgment of the Circuit Court of St. Louis County in their suit to

establish a private road as a way of necessity over land owned by defendants.

The only possible basis for appellate jurisdiction in this court is that title to real estate is involved within the meaning of Mo. Constitution, Art. V, § 3, V.A.M.S., as it was worded prior to the amendment effective January 1, 1972.

In view of City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372 (banc 1949), and Curtman v. Piezuch, 484 S.W. 2d 181 (Mo.1972), we necessarily hold that in this case title to real estate is not involved, and that this court does not have appellate jurisdiction.

The ownership of the land over which the way of necessity is sought is conceded to be in defendant. Appellants contend they are entitled to the requested road because "there is no other practicable road which [they] have a legally enforceable right to use providing ingress and egress to a public road." Respondent contends that appellants have "another way," that the requested private way is not "absolutely indispensable," and that it should not be required to supply a private road to appellants for an "illegal use."

Prior to 1949 it was held that a suit to establish a private road as a way of necessity over the land of another involved title to real estate, and that jurisdiction of an appeal was in this court. See Richter v. Rodgers, 327 Mo. 543, 37 S.W.2d 523 (1931), and Welch v. Shipman, 357 Mo. 838, 210 S.W.2d 1008 (1948). However, in City of St. Louis v. Butler Co., supra, this court ruled that in a condemnation suit, where no other basis for appellate jurisdiction exists, this court does not have jurisdiction of an appeal because, although title to real estate may be affected, it is not in issue and therefore is not involved within the meaning of the constitutional provision pertaining to the jurisdiction of this court. The Butler case expressly overruled the Richter and Welch cases on the jurisdic-

tional issue. Recently, in Curtman v. Piezuch, supra, the rule of the Butler case was followed. It was there pointed out that Evans v. Mansfield, 364 S.W.2d 548 (Mo.1963), which held jurisdiction to be in this court in an appeal involving a suit to establish a private way of necessity (relying on Welch v. Shipman, supra), should not be followed.

This court does not have appellate jurisdiction of this appeal, and for that reason the case is transferred to the Missouri Court of Appeals, St. Louis District.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, P. J., DONNELLY, C. J., and MORGAN, J., concur.

FINCH, J., not sitting.