**STATE HIGHWAY COMMISSION of
Missouri, Plaintiff-Respondent,**

v.

**FAIRMONT FOODS COMPANY d/b/a
U–Totem, Defendant-Appellant.**

No. KCD 29731.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1978.

Steven J. Borel, Stubbs & Mann, P. C.,
Kansas City, for defendant-appellant.

Bruce A. Ring, Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., DIXON and
TURNAGE, JJ.

TURNAGE, Judge.

The State Highway Commission filed suit against Fairmont Foods to enjoin Fairmont from constructing a drive for direct access

between its property and the south side of N.E. 48th Street. The court permanently restrained Fairmont from interfering with any highway structure placed along the south line of 48th Street and further restrained Fairmont from violating the limitation of access imposed on Fairmont's property bordering the south line of N.E. 48th Street.

On this appeal Fairmont contends the limitation of access is invalid because (1) Fairmont's predecessor in title was not made a party to an eminent domain action instituted by the State Highway Commission by which access was limited; (2) After commencement of the condemnation proceedings, Fairmont's predecessor in title received a correction deed which conveyed title to land abutting N.E. 48th Street and thus made him an indispensable party to the eminent domain action; and (3) Fairmont's predecessor in title had obtained an easement of necessity by operation of law for access to N.E. 48th Street. Affirmed.

This case was submitted on stipulated facts. On October 1, 1966, Home Savings Association was the owner of a tract of land at the southwest corner of the intersection of N.E. 48th Street, which ran east and west, and Randolph Road, which ran north and south. Widening of both these streets was anticipated, entailing establishment of new right of way lines. These proposed lines would require the taking of 80-foot strips along the two sides of the tract which abutted N.E. 48th Street and Randolph Road.

On October 11, 1966, Home Savings conveyed a portion of this tract to Glen Bolling and wife. The portion conveyed did not abut the two streets as they then existed. Rather, the description of the Bolling tract ran along the proposed new right of way lines of N.E. 48th Street and Randolph Road and contained no mention of access easements to the original or proposed streets. The Bolling tract would have a frontage of 160 feet on the proposed new 48th Street and 190.3 feet on the proposed

new Randolph Road. This deed was recorded October 12, 1966.

On October 27, 1966, approximately two weeks after the conveyance to Bolling, the State Highway Commission filed an action in eminent domain to obtain the rights of way to widen N.E. 48th Street and Randolph Road up to the proposed right of way lines as described in the deed from Home Savings to Bolling. Only Home Savings, as owner of the 80-foot strips which abutted the old right of way lines, was made a party to the eminent domain proceedings. In the eminent domain action, the Highway Commission extinguished the right of access from land abutting the south line of N.E. 48th Street for a distance of 625 feet west from the centerline of Interstate Route 435, a distance sufficient to extinguish the right of access from the Bolling tract.

On January 18, 1967, Home Savings gave a correction deed to Bolling which was recorded on January 25, 1967 (three months after commencement of eminent domain proceedings). By the correction deed, Home Savings purportedly conveyed to Bolling the tract bordered by the old right of way lines of 48th Street and Randolph Road as they existed prior to institution of the eminent domain action. However, the deed specifically excepted any property within the right of way of 48th Street and Randolph Road.

By mesne conveyance Fairmont Foods obtained title in 1974 to the Bolling tract. The deed to Fairmont described the tract as bordering 48th Street and Randolph Road as both streets existed after the eminent domain proceedings. After Fairmont obtained title it constructed a U–Totem Store and then sought to construct an entrance from its tract directly onto 48th Street. It was at this point the Highway Commission instituted the instant suit for injunction.

■ Fairmont first contends it is entitled to direct access to 48th Street because the Highway Commission did not name the

Bollings as a party to the eminent domain proceedings and hence, Bolling remained in possession of access rights which were passed on to Fairmont. However, it must be remembered that at the time of the conveyance from Home Savings to Bolling the tract conveyed did not border on 48th Street and therefore no access existed from the Bolling tract to that street. The eminent domain action extended 48th Street up to the boundary of the Bolling tract and concurrently limited the access from the Bolling tract to the new boundary of 48th Street. Since Bolling never acquired a right of access to the original 48th Street, the concurrent limitation of access to a newly constructed street did not constitute a compensable element of damage to Bolling. As stated in *State v. Clevenger*, 291 S.W.2d 57, 62[1, 2] (Mo.1956), "there could be here no taking of an easement of access to the new roadway, because no prior right of access existed; thus, the supposed deprivation of a right of *access to the road* itself could not constitute a compensable element of damage."

In *Clevenger* the court relied on cases from California. In one of the cases cited, *Schnider v. State*, 38 Cal.2d 439, 241 P.2d 1, 3[1, 2] (1952) the court stated:

> Where a property owner has no right to direct access to a highway before it is converted into a freeway abutting upon his property, nothing is taken from him by the failure to give him such a right when the conversion takes place. The allowance of compensation in such a case would amount to a gift rather than payment for the destruction of a right.

Here, the Bolling tract was vested in Bolling prior to the taking of the land sandwiched between the Bolling tract and the original 48th Street, and the concurrent limitation of access to the new 48th Street. Although subsequent to widening, the new street adjoined the Bolling tract, Bolling never lost a right of access because he had never possessed a right of access to 48th Street. The facts in this case are complete-

ly analogous to the facts in *Schnider* and also to those in *Clevenger* as far as the new road in *Clevenger* is concerned. It was therefore unnecessary for the Highway Commission to name Bolling as a party defendant in the eminent domain action as to the taking of access to 48th Street because he had no compensable interest in a right of access to the new portion of 48th Street.

Fairmont next contends Bolling should have been made a party to the eminent domain action because of the correction deed Home Savings delivered to Bolling in January, 1967, after the eminent domain action was instituted in October, 1966. What has been said with reference to Fairmont's first point fully disposes of this point. The Bolling tract never enjoyed a right of access to 48th Street prior to commencement of the eminent domain action and he thus suffered no compensable loss. Furthermore, the correction deed from Home Savings to Bolling excepted any area within the rights of way of 48th Street and Randolph Road; at the time such deed was delivered the 80 feet between the Bolling tract and the original 48th Street was within the new street right of way as described in the eminent domain action. Thus, Bolling did not acquire a right of access to 48th Street, as it existed prior to the widening, by the correction deed, so he did not become a necessary party in the eminent domain proceeding by reason of the correction deed.

In its final point, Fairmont contends its predecessor in title, apparently referring to Bolling, possessed an easement of necessity which arose by operation of law for access to 48th Street. Fairmont contends its tract is deprived of any access to 48th Street and therefore Bolling would have acquired the right to obtain an easement of necessity for access to 48th Street. In this argument, Fairmont ignores the fact that the Bolling tract, later acquired by Fairmont, has a right to 90.3 feet of access on the east onto Randolph Road. Thus, the tract owned by Fairmont is not landlocked.

It is elementary that a private way of necessity can be established only when there is no other means of passing from the property onto any street or road. *Curtman v. Piezuch,* 494 S.W.2d 668, 671[4, 5] (Mo.App. 1973). Since access exists from this tract onto Randolph Road, the argument of a private way of necessity is untenable.

Finally, Fairmont cannot claim an absolute right to direct access to 48th Street because Fairmont does not have the right to travel in any particular direction from its property. It has only the "right of ingress and egress to and from his property and the abutting public highway." *State v. Meier,* 388 S.W.2d 855, 857[1–5] (Mo. banc 1965). Once on the public street or highway, travel can then proceed to any point on the system of public streets and highways. In short, Fairmont is not entitled as a matter of law to access onto 48th Street when access is provided to the public streets and highways via Randolph Road.

The judgment is affirmed.

All concur.