Paul R. REID et al.,
Plaintiffs-Respondents,

v.

Murrell L. JONES et al.,
Defendants-Appellants.

No. KCD 30225.

Missouri Court of Appeals,
Western District.

Feb. 4, 1980.

McQuie & Deiter, Montgomery City, for defendants-appellants.

Charles W. Riley, Whitlow, Riley, Mariea & Dunlap, Fulton, for plaintiffs-respondents.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

DIXON, Presiding Judge.

Defendants, in an action to widen a private roadway pursuant to § 228.350,[1] appeal from a judgment widening the roadway and marking out the boundaries by the commissioners appointed for that purpose. Trial to a jury of exceptions, to the commissioners' award of $200 damages to defendants, resulted in a verdict of $2,400 in damages which neither party has questioned on this appeal.

The principal issue is the effect and meaning of § 228.350 and its relationship with other sections of the statutes relating to private roads.

The roadway in question runs for about 1785–1790 feet from plaintiffs' land across the defendants' land and connects with a county road. It is the only access to plaintiffs' land and has been in use for many years. The roadway is from 7 or 8 feet to 12 feet wide, and the road itself is apparently 15 feet wide. The road has been graveled and worked. There is not room for vehicles to pass and the roadway is not wide enough for proper grading and ditching. The first 75 percent of the road from the entrance runs along the shoulder of a hill about 75 feet from a cultivated field. The last 25 percent of its length drops into the bottom and runs along the bottom of the hillside.

Plaintiffs filed suit claiming the roadway was one of strict necessity and requesting that it be widened to 40 feet pursuant to § 228.350. Defendants asserted that no necessity existed for widening the roadway and offered an alternate route.

The parties appeared before the court without a jury and presented evidence with respect to the issues raised by the pleadings concerning the widening of the roadway. After hearing the evidence of the parties and receiving suggestions from both parties, the trial court filed a memorandum. The court found that no public road passed through or along the plaintiffs' land and

---

1. All statutory references will be to RSMo 1978 unless otherwise noted.

that the plaintiffs' only existing ingress and egress was by way of a privately owned strip of land with no evidence of the way being a public or private easement. The memorandum concluded by finding that the facts necessary to sustain the plaintiffs' position had been "met" and that the judgment should be for the plaintiffs.

The court then apparently appointed three commissioners, although their appointment does not appear in the transcript. They met and rendered a report. This report was subjected to a barrage of exceptions by both parties and, upon hearing argument, the trial court held the report of the commissioners void because they had not been sworn prior to undertaking their duties. The exact language of the entry is as follows:

"Commissioners not having been sworn prior to undertaking duties, report held void. Said commissioners to be sworn prior to undertaking duties, to view premises, to establish course of road 40 feet in width, to assess damages therefor, and to report to court. JMC"

Thereafter, the same three commissioners filed an oath and filed a subsequent report. Aside from the formal portions of that report, the only action of the commissioners is contained in the following language extracted from their report:

"Description of Proposed Site (Road)

Starting at the east entrance at the present gate or between two white oak trees—40 ft. width open road—and 40 ft. west of the present east fence to the second concrete culvert. Then 40 ft. north of the south edge of the present road we assessed the damages to be Two Hundred and no/100 Dollars for defendants.

Dated: June 10, 1977"

To this report, the defendants filed objections and exceptions, including specific objection to the description and the establishment of the width of the road. These objections were overruled by the trial court.

As noted, the exceptions were ultimately submitted to a jury which assessed defendants' damage at $2,400.

■ At the outset, a novel position is asserted by defendants as the appellants in this court. Defendants assert no final judgment was entered by the trial court, and the appeal is premature. The argument is that the trial court's memorandum issued at the conclusion of the hearing on the issue of appointment of commissioners, as well as the report of the commissioners, are but interlocutory orders and that after the jury verdict for damages, there is only a minute entry giving judgment on the jury verdict.

It may be conceded for the purpose of this appeal that the memorandum order of the trial court and the report of the commissioners are but interlocutory in the sense that there remained the issue of damages. Nonetheless, the jury verdict and the entry by the trial court have put at rest the issue of damages and given finality in the sense of a right to appeal to those interlocutory orders directing the widening of the road.[2] Defendant cites *Williams v. Williams*, 480 S.W.2d 525 (Mo.App.1972), and *Gray v. Bryant*, 557 S.W.2d 489 (Mo.App.1977). *Williams* is a case where the minute entry in a court-tried case showed only that a judgment was *to be* entered for a party. *Gray v. Bryant*, a one-paragraph opinion, apparently had no entry of any kind. These cases from the Southern District can be distinguished upon those narrow factual grounds. This District has never taken a highly technical position on the lack of a final judgment for the purposes of finality for appeal where the record as a whole shows a disposition of all the issues and the parties. This more liberal position in examining trial court judgments for finality has, as in the instant case, required extensive analysis and judicial writing to overcome unnecessary difficulties posed by the failure of the litigants and trial judges to be attentive to the drafting and entry of judgments.

2. The appeal of the judgment after jury verdict brings here the whole case, including the jury verdict.

It may well be that if litigants and the trial bench fail to provide appropriate judgments for review by this court, a narrower and more technical view must be adopted by this court to prevent a waste of judicial effort at the appellate level resulting from a lack of diligence at the trial level.

Viewing this record upon the basis of the more liberal view this District has adopted, it is concluded the issues have been resolved. The record makes plain what the plaintiff has gained and the defendant lost by reason of the widening of the way. This case has been pending five years. The record in this case, even if supplemented by a more complete judgment entry, would still require a reversal. Nothing is to be gained by remand for entry of a formal judgment. In that context and upon those facts, the defendants' contention that the appeal is premature is overruled.

The proceedings in the trial court demonstrate that neither the parties nor the court were certain of the relationship between § 228.350 providing for the widening of private roads and §§ 228.370 and 228.380 which specify the duties of the commissioners and the court. No judicial decision has been cited and none found construing the provisions of § 228.350.

■ It is the position of the defendants that §§ 228.370 and 228.380, setting forth the duties of the commissioners and the court, as well as 228.400 and 228.410, directing the entry of the judgment and providing for possession, all apply to a proceeding to widen a roadway under § 228.350. The plaintiffs, on the other hand, urge that only § 228.350 applies in this case. They argue this section, standing alone, applies to a road widening and the procedures of §§ 228.370, 228.380, 228.400, and 228.410 apply only when a private road is "established" under 228.340. This argument is best understood by direct reference to the plaintiffs' brief, in relevant part as follows:

"There is a material and significant distinction in these two statutes in that Section 228.340 . . . [to establish a road] states that the commissioners duty is '. . . to view the premises and to mark out the road, and to assess the damages to the owner or owners . .' In Section 228.350 . . . [to widen a road], the commissioners are '. . . to view the premises and to assess the damages to the owner or owners . . . .' The inescapable conclusion is that under Section 228.350, . . ., the road does not need to be 'marked out', or is 'marked out' by others than the commissioners, and is in existence.

[Defendants] have complained of the failure of the commissioners' report to 'mark out' the road, but the basic statute under which this action is brought does not require this.

The statute under which this action was brought does not say, as [defendants] contend in their brief, '. . . that the Commissioners shall set the width . .' The trial court heard the evidence regarding the necessity of widening the road, and it should be within the discretion of that court to determine how wide the road should be. . . . The trial court did not err in determining that the road should be widened to 40 feet."

If, as the defendants, contend, § 228.370 applies to a proceeding to widen a road, the plaintiffs' argument comes to nothing and the procedure followed by the commissioners is fatally flawed. Section 228.370 says in relevant part:

"Before proceeding to discharge their duties, the commissioners so appointed shall take and subscribe an oath, in writing, . . . . The commissioners shall notify the petitioners and the owner or owners of land to be affected that on a day specified in the notice the commissioners will proceed to view the premises. . . . [T]he commissioners shall view the premises and shall cause a road, not exceeding forty feet wide, to be marked out so as to be convenient and to do as little damage or injury and cause as little inconvenience as practicable to other persons, and especially to the owners of the land across which the road shall extend. The commissioners shall file a report of their findings and recommendations with

the clerk of the court stating the points of beginning and ending, courses, distances and width of said proposed road, and they shall also make and report an assessment of the items of damages sustained by each person through whose land said proposed road passes, including the erection of fences and the kind of fences to be erected, if the land is already enclosed, and, in the opinion of the commissioners, the location of the proposed road makes the erection of a fence or fences necessary."

All of these sections referred to above are found under the heading "Private Roads" in Chapter 228. The sections are a comprehensive scheme set forth to cover both the establishment and widening of private roads. If, as plaintiffs contend, the provisions of § 228.370 do not apply to widening of private roads, then no provisions would exist under the statutory scheme for an oath by commissioners, a report, its filing and consideration and approval by the court. There is nothing in the statutory scheme to suggest the legislature intended such an anomaly.

■ Viewing the proceedings in the instant case, a comparison of the quoted portion of the statute and the commissioners' report discloses both omissions of specific duties and the improper performance of other duties enumerated in the statute.

The commissioners' notice to the landowner and the petitioner does not appear in the record. There is no indication that they marked out the roadway. Although a nebulous point of beginning is stated, the course of the roadway is no where stated. The description of the roadway, if it may be called that, is so fragmentary as to almost defy physical location on the premises. There is no itemization of the damages and not a word about the erection of fences— even as to the lack of necessity for fences. Thus, the report is subject to the very criticism that defendants leveled at it by motion and which they have briefed and argued in this court. Nor was the report ever formally approved by the trial court, although this may appear by implication from the entry overruling the objections to it.

Of even greater import is the fact that the trial court totally failed to follow the directions of 228.380. That section specifically requires that when the report of commissioners provided in § 228.370 has been made and the court has approved it, "The circuit court shall order that the road be established according to the report, and render judgment against the petitioner in favor of each owner of [the] real estate for the amount of damages assessed in his favor by the commissioners." No such judgment or order appears in this record. It follows that the duty to set the width of the road is upon the commissioners in their report and, upon approval of the report, the court, by its order, establishes the road.

■ Defendants urge that § 228.350 be construed to require that plaintiffs prove a "strict necessity" for the widening. They point to the following somewhat awkward language of the statute, "and alleging that the widening of the private road so sought is a way of strict necessity."

The statute earlier defines the roads that may be so widened in the following language:

"If any person . . . shall file a verified petition . . . setting forth that he or she is the owner of a tract or lot of land . . ., and that no public road passes through or alongside said tract or lot of land, and that ingress and egress to and from said tract or lot of land is over any road heretofore established as a private road as provided in section 228.340, or over any privately owned strip of land, . . ."

Thus, the language referring to "a way of strict necessity" in connection with the widening is not necessary to limit the statute in its application to those roads strictly necessary for access. To give the legislative language any meaning, it must refer to a standard determining the necessity for widening. By analogy, the standards for establishment of a way of necessity should apply. The parties and the court may consult *Hill v. Kennoy, Inc.*, 522 S.W.2d 775 (Mo. banc

1975) and *Sutter v. Sims*, 563 S.W.2d 533 (Mo.App.1978) for recent expression of those standards. The court, upon the evidence presented, should balance the hardship and injury to the defendants against the necessity to the plaintiffs and determine as a fact the necessity for the widening. The extent of such widening is, by § 228.350, left to the commissioners.

The defendants also assert error in the trial court's disposition of the offer of an alternate way. Again by analogy to the cases cited on the establishment of such roads, the trial court should determine as a fact the practicality, comparative cost, and relative convenience of the alternate way pleaded. Since defendants have tendered the issue by the pleading, they must shoulder the burden of such proof.

What has been set forth demonstrates the necessity for reversal. The remaining question is the directions to the trial court. In view of the uncertain manner in which the trial court handled the issue of an alternate way, first ruling that the tender was inadmissible and then finding the alternate way inappropriate, as well as the lack of specific findings with respect to the necessity for the widening require that the trial court be directed to hold another hearing and reappoint commissioners if the widening is shown to be necessary and the alternate way offered is not reasonably convenient and economically feasible. Those directions, going to the very basis for the jury's award on the exceptions to the commissioners' award, cause the jury's award to be a nullity.

The cause is reversed and remanded to the trial court with instructions to proceed in accordance with the views expressed herein.

All concur.