Dr. Kenneth HAMAI and Janie L. Hamai, Plaintiffs–Appellants,

v.

Terry WITTHAUS and Cynthia Eckelkamp, Defendants–Respondents.

No. 72527.

Missouri Court of Appeals, Eastern District, Division Five.

March 17, 1998.

**380**

William R. Stahlhuth, Steve Wolf, The Law Offices of Stahlhuth & Rudder, L.C., Eureka, for plaintiffs-appellants.

Prudence Fink Johnson, Union, for defendants-respondents.

1. All statutory references are to RSMo 1994 un-

RICHARD B. TEITELMAN, Judge.

Plaintiffs Dr. Kenneth Hamai and his wife Janie Hamai, owners of a parcel of landlocked property in Franklin County, brought an action pursuant to statute against Defendants, Mr. Terry Witthaus and Ms. Cynthia Eckelkamp, seeking to establish a private road across Defendants' land in order to provide a means of ingress and egress to their landlocked property. Plaintiffs appeal the trial court judgment which held that plaintiffs were entitled to a way of strict necessity across Defendants' land and established a private road. Plaintiffs contend that the court erred in its choice of location and width for the road, erred in allowing Defendants to fence and gate the road, and erred in determining that Defendants were not obligated to pay any portion of the costs of construction and maintenance of the road. We reverse and remand.

Plaintiffs filed their action in January of 1995, pursuant to Section 228.342 RSMo, 1994,[1] seeking to establish a private road from their landlocked parcel across Defendants' land out to the nearest public road, known as Jones Country Road Lane ("Jones Lane"). Jones Lane runs in front of Defendants' property. Defendants' property consists of approximately 23 1/2 partly wooded acres, and Defendants' home is situated on the property. Plaintiffs' property consists of roughly 22 1/2 acres of undeveloped land and sits behind Defendants' property. After the action was initiated responsive pleadings were filed; discovery was had; and the court then held a nonjury hearing as required by Section 228.352 RSMo to hear and consider the matter.

At the nonjury hearing Dr. Hamai testified with the aid of photographic and other exhibits concerning the Plaintiffs' proposed location for the private road and the reasons why he felt this location would be the best route. Plaintiffs sought a location that we will refer to herein as the old farm path route.

The old farm path consists of an old, unpaved, now largely abandoned farm path or road that at one time was used for moving farm equipment and vehicles into and out of

less otherwise indicated.

the area that now is Plaintiffs' property. The old farm path is approximately 370 ft. long; it varies in width; it runs directly from Jones Lane across Defendants' property to Plaintiffs' property; and it follows a route that is partly cleared of trees through an area that is otherwise at times somewhat densely wooded.

Dr. Hamai testified that he desired a 40 foot wide easement, with the center line of the road being the center line of the old farm path. He testified that he desired such a way of ingress and egress to his landlocked property so that he and his wife could build a home on it for themselves. He further testified that he had plans in the future that may call for subdividing the property and offering home lots on it for sale to others. Plaintiffs also called the County Surveyor of Franklin County as their witness, who testified concerning a survey, map and description that was admitted into evidence in support of Plaintiffs' proposed location of the private road.

Defendant Terry Witthaus was also called to testify at the nonjury hearing. He testified that he believed the old farm path route was not the least damaging and least inconvenient location for Defendants. He therefore proposed an alternative location for the private road across Defendants' land. We will refer to that location as the ravine route.

The ravine route is a route approximately 590 feet long that would run from Jones Lane along the eastern and southern edge of Defendants' property, and that would link up with an easement already running across Plaintiffs' land. The ravine route, for much of its distance, slopes fairly steeply downhill, passing into and then through a deep ravine. Mr. Witthaus proposed that the private road along this route be 15 feet wide. In support of this proposed location he offered a legal description which he himself had prepared as well as an aerial photograph on which the ravine route was marked with a green line, both of which were admitted into evidence as exhibits. Mr. Witthaus testified that Defendants believed their proposed route would be less damaging and inconvenient to them because it would not "cut up" their acreage like the old farm path route, and because it would

cause the eastern portion of their property to remain substantially salable for a similar price as before the private way of necessity had been granted.

About a week after this nonjury hearing the trial court entered its Interlocutory Order and Judgment, establishing a 16 foot wide private road along the ravine route. The court found that the old farm path route was not situated so as to do as little damage or injury and cause as little inconvenience as practicable to the Defendants. The court further ordered that Plaintiffs would be solely responsible for the costs of construction, maintenance and repair of the private road. As well, the court ordered that Defendants would have the right to cross the road in order "to fence, gate or otherwise maintain and secure their boundaries."

A month later Plaintiffs filed their "Motion For Reconsideration". That motion requested, among other things, that the court change its choice of location for the private road, set aside its original order, and enter a new order granting the old farm path route that Plaintiffs had originally sought. Two affidavits were attached to the motion in support, one by Dr. Hamai, the other by Mr. Don Bunge, a professional excavator and road builder. Mr. Bunge's affidavit stated that he had inspected the area of the ravine route subsequent to the nonjury hearing, and that in his professional opinion it would be impossible to build a usable road along that route. Dr. Hamai's affidavit concerned 5 attached photographs purportedly to show the difficult terrain of the ravine route. The court heard and denied Plaintiffs' Motion For Reconsideration on December 29, 1995.

Thereafter the Plaintiffs filed an appeal of the trial court's Interlocutory Order and Judgment. This Court ruled that the matter did not present a final appealable judgment until the damages to Defendants had been determined as prescribed by statute. On remand, the trial court appointed Commissioners, who viewed the property and assessed damages to Defendants in the amount of $2,800. Plaintiffs then filed exceptions to the report of damages, and accordingly a jury trial was set pursuant to Section 228.358

RSMo solely to determine the amount of damages.

During the jury trial the court prohibited Plaintiffs from offering evidence or testimony in front of the jury on any issues related to (a) the appropriateness of the location of the private road chosen by the court, (b) the difficulty and expense of constructing a road at that location, or (c) the existence of the old farm path route as a possible alternate site. The trial court specifically sustained Defendants' motion in limine requesting that all such testimony be excluded on the ground that it was irrelevant to the sole issue before the jury, that issue being the amount of damages Defendants would incur as a result of the taking of the strip of land the court had chosen as the site of the private road.

Although ruled inadmissible, Plaintiffs were permitted to preserve such proffered testimony outside the jury's hearing in the form of four offers of proof. Plaintiffs offered the testimony of a licensed engineer, a professional excavator and road builder, a former owner of Plaintiffs' property and Dr. Hamai. These witnesses presented substantial testimony to the effect that it simply was not possible to build a usable road in the ravine route location, given the terrain and slopes of that area. Without hearing this testimony, the jury returned a verdict assessing damages to Defendants in the amount of $672.00.

Following the jury verdict the court then entered a final judgment as required by Section 228.358 RSMo establishing the private road, assessing damages in the amount found by the jury, and determining the parties' respective rights and obligations with respect to use and enjoyment of the road and cost of its construction and maintenance.

Plaintiffs timely filed a Motion for New Trial and Motion to Amend Judgment. Both motions were denied by the court on May 12, 1997. Plaintiffs then filed this appeal, wherein they dispute the court's choice of location and width for the private road, allocation of the cost of construction and maintenance of the road, and the rights reserved to Defendants with respect to use and enjoyment of the road. Plaintiffs have not appealed the jury's determination of damages.

Plaintiffs' first point on appeal states as follows: "The court erred in ordering a private road at a location where plaintiffs cannot build such a road due to the slope and general terrain of the property." Plaintiffs contend that the law requires the trial court to choose a location which actually affords them practical and usable access for purposes of building, maintaining and using a road, and that the court did not do so in this case.

In an action for a private road pursuant to Section 228.342 RSMo, a plaintiff must show that he or she owns the land, that no public road goes through or alongside the tract of land, and that the private road petitioned for is a way of "strict necessity." *Farrow v. Brown*, 873 S.W.2d 918, 920 (Mo. App. E.D.1994). "Strict necessity" has been interpreted to mean the absence of a "reasonably practical way" to and from plaintiff's land that the plaintiff has a legally enforceable right to use. *Id.*

The issue of the general location of the private road (once strict necessity has been established) is for the court to determine. *Merrick v. Lensing*, 622 S.W.2d 260, 263 (Mo.App. E.D.1981). In doing so, the respective benefits and burdens to the parties are factors to be weighed and considered by the court. *Lewis v. Hilkerbaumer*, 599 S.W.2d 7, 9 (Mo.App. E.D.1980). The statutory scheme explicitly requires that the private road established must be "situated so as to do as little damage or injury and cause as little inconvenience as practicable" to the owners of the land over which it will pass. Section 228.345 RSMo. Weighed against that requirement, the location chosen for the private road must be one that is reasonable and practical.

For example, our Supreme Court has noted that a proposed route for a private road is not practical (and therefore is improper) if it "traverses such rough and rocky terrain that it cannot be kept in usable condition by the expenditure of reasonable sums for maintenance." *Evans v. Mansfield*, 364 S.W.2d 548, 551 (Mo.1963). Thus, where an alternative route to the one sought in the

petition is proposed, as it was in this case, that alternative route must be "reasonably practical." *Welch v. Shipman*, 357 Mo. 838, 210 S.W.2d 1008, 1011 (1948); *Madison v. Sheets*, 231 S.W.2d 869, 873 (Mo.App.1950).

 In choosing where the private road is to be situated, practicality of location is a necessary element that the court must find.[2] Where an alternate route is proposed the burden of proving its practicality rests with the party who proposes it. *Reid v. Jones*, 594 S.W.2d 339, 344 (Mo.App. W.D.1980). The court has a duty to determine as a fact, based on substantial evidence, whether or not that alternate route would be reasonably practical. *Id.*

That did not happen in this case.

 Applying the appropriate standard based on the record before us, and after having carefully reviewed the transcript of the October 20, 1995 nonjury hearing, we find that there is insufficient evidence for the trial court to have determined that the ravine route location would be reasonably practical. Indeed, our review of the hearing transcript leads us to conclude that virtually no evidence at all was presented to support the practicality of the ravine route location. A remark by Defendant Witthaus that "all land is usable" does not constitute substantial evidence; nor does Dr. Hamai's hearsay comment about an excavator saying "anything is possible, but...." On the other hand, there also was little direct evidence that the ravine route would be impractical, either.

We therefore conclude there is insufficient evidence to support the trial court's judgment, and that accordingly this cause must be reversed and remanded for a new hearing. *Whitworth v. Whitworth*, 878 S.W.2d 479, 484 (Mo.App. W.D.1994). At such new hearing, to be held in accordance with Section 228.352 RSMo., both parties will be afforded a full

opportunity to present evidence concerning the most appropriate location for the private road, as well as the related issues of width of the road, the parties' respective rights to use and enjoyment of the road, and responsibility for costs of building and maintaining the road. The jury verdict awarding $672.00 in damages is likewise reversed.

The cause is reversed and remanded to the trial court with instructions to hold further proceedings in accordance with the views expressed herein.

CRAHAN, C.J., and GERALD M. SMITH, Senior Judge, concur.

---

**2.** As we interpret the case law, "practicality" simply means that the chosen location must be one on which it is reasonably possible to build and sustain a private road, a road which provides the landlocked owners with a usable, effective means of access to their property. It does not necessarily mean the route chosen by the court would have to be the most convenient route for Plaintiffs. Indeed, the statute says the road shall be situated so as to cause as little harm and inconvenience to Defendants as is reasonably practicable. Section 228.345 RSMo. But that statutory mandate must be read in conjunction with the requirement that the chosen road site must be reasonably practical. Thus, here, if the ravine route location is not reasonably practical, then that location would be inappropriate notwithstanding the fact that it might be less damaging and inconvenient for Defendants compared to the old farm path route.