In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

MATTHEW J. BUSCHER, ) No. ED108699
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Osage County
v. )
 ) Honorable Robert D. Schollmeyer
MIKE C. BUSCHER AND LORI BUSCHER, )
 )
 Respondents. ) FILED: March 16, 2021

 Introduction

 Matthew Buscher (“Appellant”) appeals from the trial court’s judgment denying him an

easement by implication and instead granting him a more limited easement by necessity across

the property of Mike C. Buscher and Lori Buscher (collectively, “Respondents”). Appellant

raises two points on appeal. Point One argues the trial court erred as a matter of law in finding

that the unpleaded claim for an easement by necessity was tried by consent of the parties.

Specifically, Appellant contends that the evidence adduced to prove the easement by necessity

was equally relevant to proving the easement by implication, and therefore, application of the

trial-by-consent rule was inappropriate. Point Two asserts the trial court erred in rejecting his

claim for an easement by implication because the record contains sufficient evidence satisfying

all the elements for an easement by implication. Respondents raised the alternative proposal of

an easement by necessity at trial and adduced evidence supporting the grant of such easement.
Appellant did not object to the introduction of such evidence at trial. However, because

evidence relating to Appellant’s inaccessibility to his property was relevant to the pleaded issue

of an easement by implication, which requires a showing of reasonable necessity, the issue of the

easement by necessity was not properly tried by consent of the parties under Rule 55.33.1

Because the parties did not consent to try a claim seeking an easement by necessity, the trial

court erred in entering judgment granting said easement. Because the record shows that

Appellant adduced evidence establishing an easement by implication over Respondents’

property, the trial court erred in not granting an easement by implication in that the judgment

was against the overwhelming weight of the evidence. Accordingly, we reverse the judgment of

the trial court and remand for the trial court to enter judgment in favor of Appellant.

 Factual and Procedural History

 Appellant and Respondents each received a parcel of property when the 350-acre family

farm was divided by their father in 2011. Both prior to and after the division of the family farm,

a gravel and dirt road (the “Farm Access Road”) ran along a ridge through the middle of the

properties at issue in this litigation. All property owners were familiar with the Farm Access

Road, which existed since the 1970’s and had been used and maintained with gravel and grading

work as needed. Because of the way in which the family farm acreage was divided, Appellant

was left without any direct access from his parcel to the outer road, Highway 63, other than

traveling on the Farm Access Road which ran through Respondents’ property. Appellant

petitioned to quiet title and enforce an easement by implication to allow for access to his

property on the Farm Access Road. The only alternative paths for Appellant to access his parcel

required creating new roads, acquiring new easements, or crossing an impassable creek.

1
 All Rule references are to Mo. R. Civ. P. (2020).

 2
 At trial, Respondents argued that the evidence did not support the establishment of an

easement by implication on the Farm Access Road because the Farm Access Road was not

constructed or altered, nor reasonably necessary for the full use and enjoyment of Appellant’s

land. Instead, Respondents proposed that Appellant may be entitled to a more limited easement

by necessity, and introduced evidence supporting an easement by necessity to access his property

from an outer road on the western edge of his parcel ending at a three-way corner where the

properties meet. Respondents presented evidence that this alternative path would be less

burdensome on their use of their property, was necessary to protect their cattle and hay, and

provided an adequate and direct route for Appellant to access his property.

 The trial court issued its judgment granting Appellant an easement by necessity using

Respondents’ alternative route rather than granting the easement by implication along the Farm

Access Road as sought by Appellant. The trial court’s judgment granted the easement by

necessity as a reasonably practical alternative route to Appellant’s request for an easement

through Respondents’ fields. This appeal follows.

 Points on Appeal

 Appellant raises two points on appeal. Point One argues the trial court erred as a matter

of law in finding the issue of establishing an easement by necessity was tried by consent of the

parties. Point Two claims trial court error in denying an easement by implication and that the

judgment was against the weight of the evidence because the evidence at trial met the

requirements for granting an easement by implication.

 Standard of Review

 We review court-tried cases to determine whether the trial court’s judgment is

unsupported by substantial evidence, is against the weight of evidence, or misapplies the law.

Parkway Constr. Servs., Inc. v. Blackline LLC, 573 S.W.3d 652, 664 (Mo. App. E.D. 2019).

 3
“We review the evidence and its reasonable inferences in the light most favorable to the

judgment and disregard any evidence and inferences to the contrary.” Id. (internal citation

omitted). However, we review questions of law de novo without deference to the trial court. Id.

(internal citation omitted).

 Discussion

I. Point One—Trial by Consent on Easement by Necessity

 Point One posits the trial court erred as a matter of law in finding the issue of an

easement by necessity was tried by consent. It is not disputed that at the time of trial, the

pleadings in the quiet title action before the trial court presented no claim for establishing an

easement by necessity.

 While plaintiffs generally are empowered to control the case through their pleadings,

Rule 55.33 allows an unpleaded issue to be tried by consent of the parties. Rule 55.33 permits

parties to raise unpleaded issues at trial if both parties either expressly or impliedly consent to

trial of the unpleaded issue. “When issues not raised by the pleadings are tried by express or

implied consent of the parties, they shall be treated in all respects as if they had been raised in the

pleadings.” Rule 55.33(b). “In effect, the implied consent rule provides that if evidence

applying to a new issue is admitted, without a timely and specific objection, and the evidence is

not relevant to issues already present, Rule 55.33(b) treats the new issue as having been raised in

the pleadings.” Fannie Mae v. Univ. Vill. Apartments, 479 S.W.3d 706, 716 (Mo. App. E.D.

2015) (internal quotation omitted).

 Importantly, our courts have held that “[t]he implied consent rule only applies when the

evidence introduced at trial bears on a new issue and is not pertinent to issues already in the

case.” Heritage Roofing, LLC v. Fischer, 164 S.W.3d 128, 132 (Mo. App. E.D. 2005) (internal

quotation omitted) (emphasis added); see Stephens Cemetery, Est. 1864, Inc. v. Tyler, 579

 4
S.W.3d 299, 306 (Mo. App. E.D. 2019) (noting trial by implied consent “cannot be found where

the evidence presented was relevant and admissible to other issues in the case, and that this rule

applies only where the evidence presented bears solely on the unpleaded issue and not upon

issues already in the case” (internal quotation omitted)).

 Here, Appellant filed a petition to quiet title pleading only that he was entitled to an

easement by implication. Appellant acknowledges on appeal that Respondents adduced evidence

concerning an easement by necessity during trial, and the record is clear that Appellant did not

object to Respondents’ presentation of evidence supporting the more limited easement by

necessity. Appellant reasons that the easement of necessity nevertheless was not tried by consent

because the elements required to establish easements by implication and necessity overlap in that

establishment of both easements require evidence of prior common ownership to the subject

tracts of land as well as showing some form of necessity. Respondents reason that the issue of

an easement by necessity was tried by the implied consent of the parties because the evidentiary

requirements to establish an easement by necessity are distinct from the evidentiary requirements

to establish an easement by implication. Respondents emphasize the different evidentiary

requirements for these two distinct easements, particularly with respect to inaccessibility and the

historical status of the divided parcels.

 Easements by implication and necessity are related yet distinct grants of land use. “The

common law doctrine of easement by necessity differs from an implied easement from a pre-

existing use because [an easement by necessity] does not require the petitioner to show a pre-

existing road or use.” Baetje v. Eisenbeis, 296 S.W.3d 463, 468 (Mo. App. E.D. 2009) (internal

citation omitted). A party may acquire an easement by implication by showing:

 (1) unity and subsequent separation of title; (2) obvious benefit to the dominant
 estate and burden to the servient portion of the premises existing at the time of

 5
 conveyance; (3) use of the premises by the common owner in their altered condition
 long enough before the conveyance and under such circumstances as to show that
 the change was intended to be permanent; and (4) reasonable necessity for the
 easement.

Id. at 467 (internal quotation omitted); Post Hill Homeowners Assoc., Inc. v. Wheeler, 39

S.W.3d 508, 512–513, (Mo. App. W.D. 2000). In contrast, to prove an easement by necessity, a

party must simply demonstrate “(1) a prior common source of title to the land and (2) that the

land provides the sole means of ingress or egress.” Orla Holman Cemetery, Inc. v. Robert W.

Plaster Tr., 304 S.W.3d 112, 119 (Mo. banc 2010).

 Here, although Appellant failed to object when Respondents injected the issue of an

easement by necessity at trial, we cannot hold that issue was tried with Appellant’s consent

unless “the evidence presented bears solely on the unpleaded issue and not upon issues already in

the case.” Stephens Cemetery, 579 S.W.3d at 306 (internal quotation omitted); Parkway Constr.

Servs., Inc., 573 S.W.3d at 664. Here, Respondents introduced evidence of Appellant’s

necessity for ingress/egress access to his property. While such evidence was necessary to

establish an easement by necessity, that same evidence was relevant to Appellant’s claim for an

easement by implication, which requires proof of “reasonable necessity.” See Orla, 304 S.W.3d

at 119; Stephens Cemetery, 579 S.W.3d at 306; Post Hill, 39 S.W.3d at 512–513. In order to

prove the fourth element for an implied easement, Appellant was required to present clear and

convincing evidence that his continued use of the Farm Access Road was reasonably necessary

for the full beneficial use and enjoyment of his property. Evidence of Appellant’s need for

ingress/egress was certainly relevant to that element. See Post Hill, 39 S.W.3d at 514 (finding it

would be unreasonable to deprive the homeowners of access to their front door when considering

the grant of an implied easement for their street and driveway).

 6
 Therefore, because the unobjected-to evidence relating to Respondents’ argument to

allow an easement by necessity overlapped with the evidence needed to prove Appellant’s claim

for an easement by implication, we are not persuaded the issue of the easement by necessity was

tried by consent. See Rule 55.33(b); Parkway Constr. Servs., Inc., 573 S.W.3d at 664 (noting

“‘if evidence that raises issues beyond the scope of the pleadings is relevant to another issue

already before the trial court,’ then the implied consent rule is not applicable” (quoting Heritage

Roofing, 164 S.W.3d at 132–33)); see also Stephens Cemetery, 579 S.W.3d at 306; Fannie Mae,

479 S.W.3d at 716. Accordingly, because the issue of an easement by necessity was not properly

at issue in this litigation, the trial court erred as a matter of law in granting an easement by

necessity. See Parkway Constr. Servs., Inc., 573 S.W.3d at 664. Point One is granted.

II. Point Two—Weight of the Evidence for Easement by Implication

 While Point One presents a procedural challenge to the trial court’s consideration of an

easement by necessity, Point Two mounts a substantive attack on the trial court’s judgment.

Appellant claims the trial court erred in issuing its judgment because denying the easement by

implication was against the weight of the evidence in that each of its elements was met by the

evidence presented at trial.

 Because we hold in Point One that the trial court erred in granting the easement by

necessity given that the issue was not properly tried by consent of the parties, Point One is

dispositive that the trial court’s judgment awarding an easement by necessity warrants reversal.

In Point Two, we now consider whether judgment should be entered in favor of Appellant on his

claim for an implied easement.

 We will reverse a judgment as against the weight of the evidence when we are left with

“a firm impression that the judgment is wrong.” Cooper v. Murphy, 276 S.W.3d 380, 383 (Mo.

 7
App. E.D. 2009). A weight-of-the-evidence challenge presents “an appellate test of how much

persuasive value evidence has, not just whether sufficient evidence exists that tends to prove a

necessary fact.” Ivie v. Smith, 439 S.W.3d 189, 206 (Mo. banc 2014). We defer to the trial

court’s findings of facts “when the factual issues are contested and when the facts as found by

the [trial] court depend on credibility determinations.” Id. To show the trial court’s judgment

was against the weight of the evidence, an appellant should adhere to the following analytical

framework:

 (1) identify the trial court’s finding he seeks to challenge as against the weight of
 the evidence; (2) identify all favorable evidence submitted during trial that would
 support that finding; (3) identify evidence contrary to the trial court’s finding; and
 (4) explain why, in light of the whole record, the supporting evidence is so lacking
 in probative value that the trier of fact should have reached a different conclusion.

O’Gorman & Sandroni, P.C. v. Dodson, 478 S.W.3d 539, 544 (Mo. App. E.D. 2015) (internal

citation omitted).

 For a trial court to grant an easement by implication, an appellant must satisfy the

following four elements:

 (1) unity [followed by] separation of title; (2) [an] obvious benefit to the dominant
 estate and burden to the servient portion of the premises existing at the time of
 conveyance; (3) use of the premises by the common owner in their altered condition
 long enough before the conveyance and under such circumstances as to show that
 the change was intended to be permanent; and (4) reasonable necessity for the
 easement.

Baetje, 296 S.W.3d at 467 (internal quotation omitted); Post Hill, 39 S.W.3d at 512–513.

 Here, the trial court’s findings reflect that the first element was met in that both

Appellant’s and Respondents’ properties were once commonly owned by their father and then

split into separate parcels. See Baetje, 296 S.W.3d at 467; Post Hill, 39 S.W.3d at 512.

 The record also contains evidence establishing the second element addressing the

relationship of the now divided parcels. Regarding the second element, we reject Respondents’

 8
contention that Appellant failed to prove the property was divided into dominant and servient

estates. See Post Hill, 39 S.W.3d at 512–513. Respondents argue that the division of the family

farm did not result in a dominant and servient relationship between their parcel and Appellant’s

because the division split the properties into equal sizes and granted no express easement by title.

See id. However, the lack of easement by title is the reason Appellant filed his quiet title action.

See Hillside Dev. Co., Inc. v. Fields, 928 S.W.2d 886, 889 (Mo. App. W.D. 1996) (“[I]t is only

when the title to property does not contain the claimed easement that the question even arises

whether an implied easement exists, for if the easement were in the title, then it would be an

express easement, not an implied one.”). Further, a servient estate is simply an estate burdened

by an easement. See Post Hill, 39 S.W.3d at 512–513. The record clearly establishes that the

Farm Access Road was traveled by trucks, tractors, and farm machinery to access to what is now

Appellant’s property both before and after the division into separate parcels. This prior and

continued use evidences a division of the family farm acreage establishing “an obvious benefit to

the dominant estate,” Appellant’s property, and a “burden to the servient portion,” Respondents’

property. See Baetje, 296 S.W.3d at 468 (requiring evidence that the road was used to access the

farmhouse on the undivided property before the conveyance); Post Hill, 39 S.W.3d at 513

(finding the construction of a driveway and streets when the house was first built constituted a

visible and obvious benefit to the house owners’ property and a burden to the property over

which the driveway and streets crossed); Hillside Dev. Co., Inc., 928 S.W.2d at 890–91 (finding

a garage or driveway built on a property prior to division and being sought for continued use

after the division constitutes “use by the dominant estate . . . [that] is reasonably necessary for

the full beneficial use and enjoyment of the premises”). Thus, the weight of the evidence at trial

clearly proved that the Farm Access Road served as an obvious benefit to the dominant estate

 9
and a burden to the servient portion of the premises at the time of conveyance. See Baetje, 296

S.W.3d at 467–68; Post Hill, 39 S.W.3d at 513; Hillside Dev. Co. Inc., 928 S.W.2d at 890–91.

 Concerning the third element, which requires an intent that the Farm Access Road was

intended to be permanent, the evidence before the trial court demonstrated that the Farm Access

Road had existed for decades, going back to the family’s purchase of the farm in the 1970’s, and

was consistently used and maintained as a visible alteration to the natural land with gravel both

before and after the 2011 division. See Post Hill, 39 S.W.3d at 513. To the extent that the father

testified that a particular portion of the Farm Access Road was not meant to be overused in order

to protect the terrain, Appellant has limited his appeal to exclude that portion.2

 The fourth requirement to establish an easement by implication is that there must be a

reasonable necessity for the easement. This element was introduced in our discussion of Point

One. “In order to establish an implied easement one needs to show only reasonable, not

absolute, necessity.” Id. at 514 (internal quotation omitted). “The policy behind this legal

conclusion is that parties ‘contracted with a view to the condition of the property as it actually

was at the time of the transaction and that after sale neither party has a right, without the

consent of the other, to change to the detriment of the other, a condition which openly and

visibly exists.’” Id. (quoting Hillside Dev. Co., Inc., 928 S.W.2d at 890) (emphasis added).

Here, both parties agreed at trial that Appellant needed access to his property for its benefit and

enjoyment via the grant of some type of easement. Appellant presented evidence that the only

currently viable access to his property is by use of the Farm Access Road, as alternatives involve

an impassable creek and natural obstacles like ravines that will not accommodate trucks, tractors,

2
 Appellant abandons his request for placement of the easement over ten acres of the hay field leading to the eastern
portion of his property and limits his appeal to enforcement of the implied easement along the Farm Access Road
where it crosses Respondents’ and other siblings’ properties until reaching Appellant’s property.

 10
hay and other farm equipment. See Baetje, 296 S.W.3d at 468 (noting that implied easements

“are sometimes necessary for the full utilization of land”).

 Respondents reason that because Appellant’s continued use of the Farm Access Road is

more burdensome on Respondents compared to their proposed alternative route, the trial court

could properly choose the less burdensome proposal. Respondents offer Hamai v. Witthaus, 965

S.W.2d 379 (Mo. App. E.D. 1998) as support for this argument. Respondents’ argument fails

because Hamai involved an action in which the petitioners brought a statutory claim to establish

a private road across the defendants’ land, not an easement by implication. See id. at 380.

Hamai’s holding that “[i]n choosing where the private road is to be situated, practicality of

location is a necessary element that the court must find[,]” is limited to the establishment of a

private road under a particular statutory scheme. Id. at 383 (“The statutory scheme explicitly

requires that the private road established must be situated so as to do as little damage or injury

and cause as little inconvenience as practicable to the owners of the land over which it will pass.”

(internal quotation omitted)). We recognize that Hamai bears a strong factual similarity to the

present case. Hamai also involved an old farm path and a dispute whether such path was the

least damaging and least inconvenient access point. Id. at 381. And Hamai found insufficient

evidence supporting the trial court’s selection of the defendants’ proposed path over the

petitioners’ proposal because the trial court failed to consider whether the alternate site was

reasonably practical for the petitioners. Id. at 382–83. Here, Respondents adduced evidence that

the Farm Access Road through their fields interfered with their cattle and hay operations and,

similar to the defendants in Hamai, proposed a less burdensome alternative. But Respondents’

reliance on Hamai fails because we are guided not by the statutory scheme for the establishment

of a private road, but by the well-established principles defining the requirements for granting an

 11
easement by implication. See Baetje, 296 S.W.3d at 467. The record before us contains ample

evidence that Appellant’s continued use of the Farm Access Road was “reasonably necessary” to

ensure Appellant the full beneficial use and enjoyment of his property. Such evidence has far

greater probative value than the evidence against it. See Ivie, 439 S.W.3d at 205–06; Post Hill,

39 S.W.3d at 513.

 The overwhelming evidence at trial demonstrated that Appellant satisfied the elements

required to be granted an easement by implication. Therefore, the weight of the evidence does

not support a finding that Appellant failed to establish his claim for an easement by implication.

See O’Gorman, 478 S.W.3d at 544. Accordingly, we grant Point Two.

 Conclusion

 We reverse the trial court’s judgment. We further remand this matter to the trial court

with instructions to enter judgment in the quiet title action in favor of Appellant and grant

Appellant an easement by implication in a manner consistent with this opinion and limited by

Appellant’s relinquishment of his claim over the ten acres of the hay field leading to the eastern

portion of his property.

 _______________________________
 KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

 12